IN THE KANAWHA COUNTY CIRCUIT COURT, WEST VIRGINIA

**PAMELA MAYHEW**
    **Plaintiff,**

    v.

Civil Action No. 17-C-1060

**LOVED ONES IN HOME HEALTH CARE, LLC**
**and**
**DONNA SKEEN**
**Defendants**

## SUMMONS

To the above named Defendant: **DONNA SKEEN, 144 7th Avenue, S. Charleston, WV 25303**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Mark A. Toor, Esq., counsel for Plaintiff, at 10 Hale Street, 2nd Floor, Charleston, West Virginia 25301, an Answer, including any related counterclaims or defense you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your Answer within 20 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, thereafter judgment, upon proper hearing and trial, may be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim, cross claim, or defense you may have, which must be asserted in the above-styled action.

Dated: 7/28/17

**Cathy S. Gatson, Clerk**
Clerk of the Court

By: _Atkins_

EXHIBIT A

## IN THE KANAWHA COUNTY CIRCUIT COURT, WEST VIRGINIA

**PAMELA MAYHEW**
    Plaintiff,

Civil Action No. 17-C-1020

v.

**LOVED ONES IN HOME HEALTH CARE, LLC**
and
**DONNA SKEEN**
**Defendants**

### SUMMONS

**To the above named Defendant: DONNA SKEEN, 144 7th Avenue, S. Charleston, WV 25303**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Mark A. Toor, Esq., counsel for Plaintiff, at 10 Hale Street, 2nd Floor, Charleston, West Virginia 25301, an Answer, including any related counterclaims or defense you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your Answer within 20 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, thereafter judgment, upon proper hearing and trial, may be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim, cross claim, or defense you may have, which must be asserted in the above-styled action.

Dated: 7/28/17

**Cathy S. Gatson, Clerk**
Clerk of the Court

By: _Catlins_

IN THE CIRCUIT COURT OF ____KANAWHA____ COUNTY, WEST VIRGINIA

## CIVIL CASE INFORMATION STATEMENT
(Civil Cases Other than Domestic Relations)

### I. CASE STYLE:

Case No. 17-C-1010
Judge: Tobit

**Plaintiff(s)**
PAMELA MAYHEW

vs.

**Defendant(s)**
LOVED ONES IN HOME HEALTH CARE, LLC
Name
144 7TH AVENUE
Street Address
S. CHARLESTON, WV 25303
City, State, Zip Code

Days to Answer: 30
Type of Service: SECRETARY OF STATE

### II. TYPE OF CASE:

- [ ] General Civil
- [ ] Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other: ____
- [ ] Habeas Corpus/Other Extraordinary Writ
- [x] Other: FLSA

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

### III. JURY DEMAND: [x] Yes [ ] No CASE WILL BE READY FOR TRIAL BY (Month/Year): 03 / 2018

### IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?
[ ] Yes [x] No

**IF YES, PLEASE SPECIFY:**
- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language: ____
- [ ] Other: ____

Attorney Name: Mark A. Toor (WVSB #5228)
Firm: Mark A. Toor, Esq.
Address: 10 Hale Street, 2nd Floor, Charleston WV 25301
Telephone: (304) 380-2111
[ ] Proceeding Without an Attorney

Representing:
- [x] Plaintiff
- [ ] Defendant
- [ ] Cross-Defendant
- [ ] Cross-Complainant
- [ ] 3rd-Party Plaintiff
- [ ] 3rd-Party Defendant

Original and 1 copies of complaint enclosed/attached.
Dated: 07 / 28 / 2017    Signature: /s/

SCA-C-100: Civil Case Information Statement (Other than Domestic Relations)    Revision Date: 12/2015

Plaintiff: PAMELA MAYHEW_____, *et al*    Case Number: _____
vs.
Defendant: LOVED ONES IN HOME HEALTH CARE, LLC, *et al*

## CIVIL CASE INFORMATION STATEMENT
## DEFENDANT(S) CONTINUATION PAGE

DONNA SKEEN
Defendant's Name

144 7th Avenue
Street Address

Charleston, WV 25303
City, State, Zip Code

Days to Answer: 20

Type of Service: Personal

---

Defendant's Name

Street Address

City, State, Zip Code

Days to Answer: ____

Type of Service: ____

---

Defendant's Name

Street Address

City, State, Zip Code

Days to Answer: ____

Type of Service: ____

---

Defendant's Name

Street Address

City, State, Zip Code

Days to Answer: ____

Type of Service: ____

---

Defendant's Name

Street Address

City, State, Zip Code

Days to Answer: ____

Type of Service: ____

---

Defendant's Name

Street Address

City, State, Zip Code

Days to Answer: ____

Type of Service: ____

---

Defendant's Name

Street Address

City, State, Zip Code

Days to Answer: ____

Type of Service: ____

---

SCA-C-100: Civil Case Information Statement-Defendant(s) Continuation Page        Revision Date: 12/2015

IN THE KANAWHA COUNTY CIRCUIT COURT, WEST VIRGINIA

FILED COPY
2017 JUL 28 A 10: 13

**PAMELA MAYHEW**
  Plaintiff,

  v.

Civil Action No. 17-C-1060

TCbl F

**LOVED ONES IN HOME HEALTH CARE, LLC**
and
**DONNA SKEEN**
  Defendants

## COMPLAINT

Plaintiff, Pamela Mayhew, ("Plaintiff") brings this action to recover unpaid overtime wages under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201, *et seq.*) (hereafter referred to as "the Act" or "FLSA"). In addition, Plaintiff brings a claim for retaliation in the terms and conditions of her employment from her exercise of rights under the FLSA.

### Jurisdiction

1. Subject matter jurisdiction over this action is conferred on this court by Section 16 of the Act (29 U.S.C. §216).

2. Plaintiff is a resident of Kanawha County and a former "Employee" of Defendants as that term is defined in the Act (29 U.S.C. §203(e)).

3. Defendant Loved Ones in Home Health Care, LLC, ("LOHHC") is a West Virginia limited liability company, is engaged in business in Kanawha County, and is an "Employer" as that term is defined in the Act (29 U.S.C. §203(d)). Individual Defendant Donna Skeen is a member or the managing member of Defendant LOHHC, controls the day-to-day operations of LOHHC and is an "Employer" as that term is defined in the Act (29 U.S.C. §203(d)).

4. Upon information and belief, LOHHC is subject to "Enterprise Coverage" under the Act because it has annual sales of at least $500,000. 29 U.S.C. §203(s).

## Background Facts (FLSA)

5. Plaintiff has worked for several years for LOHHC as a home health care provider.

6. At no time prior to January 1, 2015, did the work performed by Plaintiff qualify her for an exemption from the overtime requirements of the FLSA as a live-in home health care worker.

7. At all times since January 1, 2015, Plaintiff has been specifically subject to the FLSA's minimum wage and maximum hour provisions, particularly those requiring the payment of an enhanced overtime hourly rate for all hours over forty (40) worked in any one workweek.

8. Plaintiff regularly and consistently throughout her tenure with Defendants has worked far in excess of forty (40) hours in each workweek.

9. At various times during Plaintiff's employment and by various methods of subterfuge and deliberate misrepresentation, Defendants have repeatedly failed and refused to pay Plaintiff an enhanced overtime hourly rate in accordance with the dictates of the FLSA for the position held by Plaintiff.

10. Defendants' failure to pay an enhanced overtime rate to Plaintiff represents a deliberate and knowing departure from the dictates of the FLSA as demonstrated by the elaborate measures Defendants have employed to avoid detection or challenge.

11. Most recently and from early 2016 through mid-2017, Defendants cut two distinct but sequentially-numbered payroll checks for each workweek worked by Plaintiff.

12. As a rule, each such check would pay Plaintiff at her straight-time hourly rate for all or nearly all of the hours recorded on that check, without regard to the total number of hours Plaintiff had worked during the workweek.

13. At other times during Plaintiff's employment by Defendants, Defendants simply failed to pay an enhanced overtime hourly rate for all hours Plaintiff worked over forty (40) in any one workweek despite the inclusion of all such hours on a single paycheck.

14. In early 2016, Plaintiff sought the assistance of the West Virginia Division of Labor ("DOL") to collect what she believed was overtime wages due her from Defendants.

15. Upon information and belief, Defendants conceded the issue of overtime liability in their negotiations with the DOL yet refused to acknowledge or to accept the full amount of damages suffered by Plaintiff as a result of Defendants' violations.

16. Plaintiff was unable to obtain satisfaction from the DOL and hired private counsel to represent her in an effort to collect unpaid overtime wages.

17. On occasion over the past year, Plaintiff has expressed to third parties her frustration at her employer's illegal activity with respect to her pay.

18. In mid-July 2017, Plaintiff was disciplinarily suspended from her employment by Defendants without pay for reasons directly related to Plaintiff's complaints of Defendants' illegal pay practices.

19. Defendants claim in writing that Plaintiff's suspension from work was for the purpose of permitting a full investigation of alleged work-related wrong-doing.

20. Defendants have made no efforts to gather information from Plaintiff for the investigation but have maintained her as an employee in unpaid, suspended status.

## FLSA Claims

21. Defendants' delay in beginning a disciplinary investigation and its refusal to return Plaintiff to work or to take action against her employment are retaliatory in nature in response to Plaintiff's complaints of illegal pay practices.

22. Defendants' initiation of disciplinary proceedings against Plaintiff based on her true complaints of Defendants' illegal pay practices is retaliatory in nature in response to Plaintiff's complaints of illegal pay practices and violative of a substantial public policy of the State of West Virginia.

23. Defendants failed and refused to pay Plaintiff in accordance with the mandates of the FLSA and Plaintiff has suffered damages by way of lost overtime wages as a result.

24. Defendants knowingly and deliberately failed and refused to pay Plaintiff in accordance with the mandates of the FLSA in order to save themselves the expense of paying her an enhanced overtime hourly rate.

25. Defendants employed various methods of subterfuge and misdirection in their payroll practices in an effort to conceal their deliberate violations of the FLSA with respect to Plaintiff.

26. Defendants have taken action against Plaintiff's employment founded in a desire to penalize, retaliate or discriminate against her for her exercise of rights under the FLSA and Plaintiff has suffered damages as a result.

**WHEREFORE**, having stated her complaint against Defendants for various causes of action, Plaintiff seeks relief and judgment from Defendants as follows:

a. An order entered pursuant to 29 U.S.C. §216(b) finding Defendant liable to Plaintiff for all damages she has suffered by way of Defendants' failure to pay her for all hours over forty (40) in any one workweek at an enhanced overtime hourly rate; liquidated damages in an amount equal to her actual damages, and; attorney fees, costs and interest associated with the pursuit of this action. Plaintiff seeks damages incurred over a period of three years predating the filing of this Complaint under 29 U.S.C. §255 for the willful violations of the Act;

b. A finding that Defendants retaliated and discriminated against Plaintiff for her exercise of rights under the FLSA and an award of damages associated with that claim as the court may deem appropriate, and;

c. Such other relief as the court may deem proper.

Plaintiff demands a jury trial.

PAMELA MAYHEW
By Counsel

_____
Mark A. Toor (WVSB #5228)
1210 Kanawha Blvd., East
Charleston, WV 25301
304-380-2111
mark@marktoor.com