IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

PAMELA MAYHEW,
on behalf of herself and others
similarly situated,

      Plaintiffs,

v.                                      CIVIL ACTION NO. 2:17-cv-03844

LOVED ONES IN HOME HEALTH CARE, LLC,
and DONNA SKEEN,

      Defendants.

**DEFENDANT LOVED ONES IN HOME CARE, LLC'S RESPONSE IN OPPOSITION
OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AS A
COLLECTIVE ACTION UNDER THE FLSA**

COMES NOW Defendant Loved Ones In Home Care, LLC ("Defendant" or "Loved Ones"), by and through its undersigned counsel, Webster J. Arceneaux, III, Lori D. Counts-Smith and Andrew L. Ellis, and it submits its Response in Opposition of Plaintiffs' *Motion for Conditional Certification as a Collective Action Under the FLSA* ("Motion") in which Plaintiff, Pamela Mayhew, seeks certification as a collective action under the Fair Labor Standards Act ("FLSA"), pursuant to 29 U.S.C. § 216(b). For all the reasons described herein, the Motion should be denied.

**A. Plaintiff's Request for Conditional Certification as a Collective Action Should Be Denied.**

The United States Department of Labor ("DOL") is enforced with the responsibility for

administering and enforcing federal labor and employment laws, including the FLSA.[1]   The DOL has been tasked with such authority in an effort to adequately and uniformly enforce the law.   The DOL may proceed through administrative procedures and, if necessary, formal litigation.  *See* 29 U.S.C. §216(c) and *see also Galvan v. San Jose Mexican Rest. of NC, Inc*., No. 7:16-CV-39-FL, 2016 U.S. Dist. LEXIS 173250, at *3 (E.D.N.C. Dec. 15, 2016).

Defendant is currently in the midst of an ongoing DOL investigation. In fact, Plaintiff herself instigated this investigation through her alleged direct contact with the DOL. (Motion, Doc. 5-1 at ¶¶ 9-10).  Defendant concedes that it has also been in contact with the DOL and the named investigator, Cara Merritt.  Defendant further concedes that it is currently involved in an ongoing DOL investigation.

However, this investigation is nearly complete. The DOL recently issued preliminary calculations of back wages allegedly due and owing to a number of employees of Defendant. Further, an exit interview of the DOL investigator and Defendant is scheduled to take place in the near future.  Finally, substantive settlement negotiations will likely occur soon. Given that alleged back wages due and owing have been calculated by the DOL, Defendant maintains that such matters may be ripe for settlement.

Through the filing of Plaintiff's Motion, Plaintiff is simply attempting to "sweep in" and take over the DOL investigation and the enforcement procedures of the DOL.  Through her Motion, Plaintiff asserts potential claims on behalf of the exact same employees that the DOL is currently advocating for in its current investigation.   As indicated, potential settlement negotiations, with the assistance and advisement of the DOL, may occur in the near future with

---

[1] *See Fact Sheet #44: Visits to Employers*, U.S. Dept. of Labor, Wage and Hour Division, (January 2015) https://www.dol.gov/whd/regs/compliance/whdfs44.pdf;  *see also Chavez v. T&B Mgmt., LLC*, No. 1:16cv1019, 2017 U.S. Dist. LEXIS 79992, at *31 (M.D.N.C. May 24, 2017) (internal citations omitted).

regard to the same employees that the Plaintiff seeks to represent through a proposed collective action.

Assuming Defendant, with the assistance and oversight of the DOL, can compromise and resolve any issues and/or alleged violations presented in the DOL investigation, Plaintiff's Motion may be moot. By entering into a DOL approved settlement, and through the execution of a release of claims document, any same claims by employees deemed similarly situated to Plaintiff would be moot and/or precluded under the doctrine of collateral estoppel. *See generally* 29 U.S.C. § 216(b); 29 U.S.C. § 216(c) and *see also Galvan v.*, 2016 U.S. Dist. LEXIS 173250, at *3 (finding that upon accepting the full amount secured by DOL, an employee "waives any right to seek further recovery through collective action for the same claims."). Any employee that may, in the near future, choose to settle with Defendant as a result of the DOL investigation cannot then attempt a second bite of the apple by opting into Plaintiff's asserted purported class under a private, collective action.

In short, Plaintiff's claims, and the claims of the potential collective employees, may be moot as a result of the DOL investigation. *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011) (internal citations omitted) ("'Generally speaking, one such [factual] circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim."); *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008). ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."). Plaintiff's Motion is unnecessary at this time and is duplicative in nature. The DOL should be permitted to perform its job duties, tasks, and the opportunity to complete its investigation without interference from Plaintiff or her legal counsel. Moreover, Defendant should be afforded a fair opportunity to attempt full and complete

settlement negotiations with the DOL on behalf of the employees that Plaintiff, through her Motion, is now attempting to sweep in and classify as potential members of the collective action under the FLSA. Then, only at the conclusion of settlement negations, should Plaintiff be permitted to bring a private right of action on behalf of similarly situated employees that did not previously settle any potential claims with Defendant as a result of the DOL investigation. In this case, Plaintiff is "jumping the gun" by filing her Motion.

Therefore, this Court should deny Plaintiff's Motion because of the ongoing investigation by the DOL and the current possibility of settlement negotiations. Further, as a matter of judicial efficiency, this Court, in its discretion, should not authorize Plaintiff to move forward with a collective action and, accordingly, should deny Plaintiff's Motion. Rather than consider Plaintiff's request, this Court should allow the current DOL investigation on the *same* claims and allegations set forth by Plaintiff on behalf of the *same* employees that Plaintiff purports to be potential opt-in plaintiffs to proceed. For the purpose of judicial efficiency, this Court should deny Plaintiff's Motion at this time because the DOL should be given ample opportunity to complete its investigation and the Defendant should be given a fair and adequate opportunity to attempt to settle any and all claims of the same employees Plaintiff is now attempting to act on behalf of through her Motion.

**B.   In the Alternative, Plaintiff's Motion Should Be Stayed.**

In the alternative, this Court should stay Plaintiff's request for certification until the DOL completes its investigation. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Maryland v. Universal Elections*, 729 F.3d 370, 379 (4th Cir. 2013) (quoting *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936)); *see also Clinton v. Jones,*

520 U.S. 681, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997)(same); *Sheetz v. Kares*, 534 F. Supp. 278, 279 (E.D. Pa. 1982)(same). Such a decision is left to the court's broad discretion and "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Raplee v. United States*, 842 F.3d 328, 335 (4th Cir. 2016) (*quoting Landis*, 299 U.S. at 254-55). In considering whether to grant a motion to stay, district courts evaluate: "(1) prejudice the non-moving party will suffer if a stay is granted; (2) hardship and inequity on the moving party without a stay; and (3) judicial economy.*" Magana v. Shore Constr., LLC*, No. 17-1896, 2017 U.S. Dist. LEXIS 104764, at *3 (E.D. La. July 6, 2017)(internal citations omitted) *citing Landis*, 299 U.S. at 254-55.

For the sake of judicial efficiency, this Court should allow the DOL to issue findings of fact and the opportunity to enter negotiations without the added pressure of a separate, and virtually identical, private cause of action. The DOL investigation and the DOL's proposed settlement could resolve any and all claims of the potential opt-in plaintiffs. Therefore, should a potential class member accept a full settlement under the direction of the investigation by the DOL, their claims will be moot and they would not be permitted the opportunity to seek further recovery through Plaintiff's attempt of collective action. *See e.g. Galvan, supra; see also Spiciarich v. Mexican Radio Corp.,* No. 1:15-CV-851 (FJS/DJS), 2017 U.S. Dist. LEXIS 47502, at *18-20 (N.D.N.Y. Mar. 30, 2017) (denying defendants' motion to stay pending a DOL investigation on other grounds).

Further, in this case, all factors weigh in favor of granting a stay. First, staying Plaintiff's request for certification as a collective action would not prejudice Plaintiff because a settlement under the direction of the DOL would allow all of the potentially affected employees the opportunity to recover any alleged back wages due and owing in a timely and efficient manner

without the undue delay and expense of unnecessary litigation.  Plaintiff would face little to no hardships as the DOL is advocating zealously, in its own investigation, on behalf of the same employees for the same claims.

Second, Defendant will suffer undue hardship if Plaintiff's Motion is not stayed.  If not stayed, Defendant must spend substantial time and resources in defending the private right of action while participating in the DOL investigation. Defendant has and continues to cooperate, in good faith, with the DOL. Defendant has been communicating with the DOL for several months and provided names of several employees and payroll records to the DOL for its review and consideration. Further, Defendant permitted the DOL investigator to conduct employee interviews.  Forcing Defendant to continue to participate in the winding up of the DOL investigation, including negotiations of possible settlement, and, at the same time, adequately defend this collective private action will cause Defendant undue and unnecessary hardship.  The time and money that will be spent by Defendant in performing such tasks will be unduly burdensome on Defendant.

Finally, granting a stay of the Motion would most certainly streamline the proceedings by simplifying issues and promoting judicial economy.  As stated previously, the DOL is currently investigating the *same* claims on behalf of the same *employees*. Plaintiff has not asserted any additional claims which are not already being investigated in the DOL investigation. Allowing the DOL to complete its investigation would simplify issues by allowing the agency to identify issues of fact, without incurring litigation costs for Plaintiff, and allowing one cause of action for the same events in question. This would also allow this Court to "weed out" any employee that may, in the near future, choose to settle with Defendant as a result of the DOL investigation who then cannot attempt a second cause under a private, collective action.

Further, the DOL has already expended time and efforts in investigating possible violations of the FLSA, and the DOL has already expended time and efforts in calculating alleged back wages allegedly due and owing to several employees. Should this matter go forward, Plaintiff's legal counsel will be performing virtually identical tasks that the DOL has already performed.  In addition, Defendant will be required to remit duplicative information and payroll records to the Plaintiff in this case that have already been produced to the DOL. There is no reason for Plaintiff's legal counsel to duplicate the efforts already expended by the DOL in investigating possible claims of violations of the FLSA on behalf of the same employees.

Based on the foregoing, if this Court does not deny Plaintiff's Motion, then, in the alternative, this Court should stay Plaintiff's request for certification until the DOL has been provided a fair and adequate opportunity to complete its investigation

### C.  In the Alternative, Plaintiff Does Not Meet Her Burden Of Proof.

Should the Court ignore the ongoing DOL investigation and the current potential for settlement negotiations between the DOL and Defendant, Plaintiff's Motion should be denied because she does not meet her burden of proof to assert a collection action pursuant to 29 U.S.C. § 216(b). A collective action may not be conditionally certified unless Plaintiff meets her burden of establishing that she is similarly situated to the putative class.  *See* 29 U.S.C. § 216(b).  Rather than bundling all employees of Defendant who are classified as non-exempt, Plaintiff must meet her burden under 29 U.S.C. § 216(b).

Plaintiff is only entitled to assert the claims of herself and "other employees similarly situated." *Id*.  "Although the United States Court of Appeals for the Fourth Circuit has not defined the phrase 'similarly situated,'" courts have "held that a group of FLSA plaintiffs is similarly situated if they can show they were victims of a common policy, scheme, or plan that

[allegedly] violated the law." *Bouthner v. Cleveland Constr., Inc.*, No. RDB-11-0244, 2012 U.S. Dist. LEXIS 28497, at *15 (D. Md. Mar. 5, 2012) (internal citations omitted); *see also McCoy v. RP, Inc*., No. 2:14-cv-3171-PMD, 2015 U.S. Dist. LEXIS 142521, at *5-7 (D.S.C. Oct. 19, 2015) (same). "To make this showing, Plaintiffs allegations must consist of more than vague allegations with meager factual support[.]" *Bouthner*, 2012 U.S. Dist. LEXIS 28497, at *15-16 (internal citations omitted). Further, a plaintiff "must make some rudimentary showing of commonality between the basis for his claims and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions...." *Marsh v. Butler Cnty. Sch. Sys*., 242 F.Supp.2d 1086, 1093 (M.D. Ala. 2003); *see also Thedford v. Drive In of Evansville, Inc.*, 2014 U.S. Dist. LEXIS 154734, at *3 (N.D. Ala. 2014) (same).

Despite the fact that Plaintiff has the burden of demonstrating that certification is appropriate, Plaintiff relies on broad assertions and conclusory declaratory statements of herself (and no other employees of Loved Ones) to purport that an existing class of similarly situated individuals exists.   In making such assertions, Plaintiff fails to recognize the differences that exist among the employees she alleges as potential class members.   Rather than provide substantive information, Plaintiff seems to believe that, because Defendant amended its pay practices in May 2017 and because the DOL made an inquiry regarding the payment practices of Loved Ones, she need not meet the standard applicable to her in order to assert a similarly situated putative collective class. While Defendant accepts that the threshold is low, Plaintiff must provide at least *some* evidence, beyond pure speculation, in order to overcome her burden. In her Motion, she has failed to do so.

Foremost, Plaintiff fails to adequately define the class for which she is seeking certification.  Rather than attempting to carve out a group of employees likewise positioned to

herself, Plaintiff simply asserts all non-exempt employees of Defendant would meet the requirements for class certification.  In the Motion, Plaintiff seeks certification "on behalf of all similarly situated, FLSA non-exempt employees of Defendant who have been negatively impacted by the same or similar pay practices to those that have deprived Plaintiff of enhanced hourly rates for hours worked in excess of forty each week."  (Motion, Doc. 5 at p. 1).  In her Memorandum in Support of the Motion, Plaintiff reiterates that she is seeking "conditional certification  . . . [of] all of Defendants' FLSA non-exempt employees who may also have claims for unpaid overtime."  (Motion, Doc. 5 at p. 4).  It appears that Plaintiff, and her legal counsel, are on a fishing expedition. This definition is overly broad and consists of essentially all employees of Defendant who are classified as non-exempt employees under the FLSA.   All employees of Defendant are not similarly situated.  Plaintiff's attempt to assert claims on behalf of all employees of Defendant who are classified as non-exempt does not meet Plaintiff's burden of proof.

Defendant provides tailored, in home personal care and nursing services to persons in need across the state of West Virginia and in Texas.  Defendant retains offices across West Virginia and an office in Houston, Texas.  Defendant employs, on average, over two hundred (200) people, in various positions in order to provide care and services to its clients.  Defendant employs persons in several different job positions such as a registered nurse, supervisor, home health aide, social workers, and office personnel. Each position requires certain skills and employees in these positions perform certain duties and tasks. Persons in each positon are scheduled to work and do work various hours.  Some employees are full-time while others are part-time. While certain employees are compensated on a salary basis and are deemed exempt from the provisions of the FLSA, a majority of employees are compensated on an hourly basis.

Plaintiff is employed as a home health aide/home care provider.  Her position as an aide is unique in that she serves clients under two different types of programs -- she serves under the personal care program and the Medicaid waiver program.  The personal care program is a private pay form of care.  The Medicaid waiver program is a federally funded program.  Defendant considers the programs separate and distinct from one another.  Each program is funded by separate sources.  Essentially, Plaintiff was and is employed as a "hybrid" aide that assists with both programs.  Other aides employed with Defendant may only work in the private pay program while others may only work in the Medicaid waiver program.  Then, there are other aides employed, like Plaintiff, as a "hybrid" aide.  Thus, collectively, Defendant employs aides in three separate, distinct categories.

Prior to May 2017, Defendant compensated those employees in the "hybrid" positions under a different payroll scheme.  The practices and policies of Defendant that Plaintiff is asserting was unlawful, are only those methods used to compensate "hybrid" aides. (Motion, Doc. 5-1 at ¶¶ 5-7). Hence, Plaintiff's putative class of all "non-exempt employees of Defendant" is overly broad and unduly inclusive and does not properly identify only those employees who are "similarly situated" to Plaintiff.  In the case at hand, Plaintiff has not produced sufficient evidence to meet the burden of class certification because Plaintiff is not similarly situated to all other employees of Defendant who are "non-exempt."

A collective action may not be conditionally certified, and notice may not be authorized, unless Plaintiff meets her burden of establishing that she is similarly situated to the putative class.  In order for Plaintiff to get past the first step in the two-stage approach for certification, she must, at the very least, "make a modest factual showing sufficient to demonstrate that" she "and [the] potential plaintiffs together were victims of a common policy or plan that

[purportedly] violated the law." *McCoy v. RP, Inc.*, No. 2:14-cv-3171-PMD, 2015 U.S. Dist. LEXIS 142521, at *6-7 (D.S.C. Oct. 19, 2015) (internal citations omitted). In the case at hand, Plaintiff has failed to do so.  Accordingly, this honorable court cannot conditionally certify the purported class. *Id*.

> **D.  In the Alternative, the Purported Class Should be Limited in Scope.**

In the alternative, if this Court finds that Plaintiff has met her burden of proof of asserting a purported class, then the employees in said class should be limited and defined as only those certain employees "similarly situated" and employed in the same position of Plaintiff as a "hybrid" aide.

Plaintiff has defined the purported class as "all of Defendants' FLSA non-exempt employees who may also have claims for unpaid overtime." (Motion, Doc. 5 at p. 4).   As stated *supra*, not all of Defendant's employees who are classified as non-exempt should be considered in the case at hand.  Plaintiff's definition is too broadly defined and should be limited in scope.

This Court is well within its rights to limit the scope of the purported class to only those employees "similarly situated" to Plaintiff.  *See* 29 U.S.C. § 216(b) and *see also e.g. Regan v. City of Charleston*, No. 2:13-cv-3046-PMD, 2014 U.S. Dist. LEXIS 96317, at *15-16 (D.S.C. July 16, 2014) (The Court limited the scope of the purported class by recognizing a need to define the class "with greater particularity."); *Mullis v. Wings Over Spartanburg, LLC*, No. 2:16-cv-3578-PMD, 2017 U.S. Dist. LEXIS 26717, at *7 (D.S.C. Feb. 27, 2017) (the court limited the scope of the proposed class).  Accordingly, Defendant asserts that the purported class should be limited to only those employees who were employed as a "hybrid" aide for reason that the compensation policies and procedures in which Plaintiff is purporting are in violation of the FLSA only applies to these certain employees and not to every employee of Defendant who was

classified as "non-exempt."

Defendant stresses that the purported class should be limited in nature and defined by this Court as:  those home health aides who serviced clients in both the private care program and the Medicaid waiver program and who were compensated based on an hourly rate of pay and who, collectively through both the private care program and the Medicaid waiver program, logged more than forty (40) hours in one or more work week for the period November 12, 2015 to May 1, 2017.[2]   Again, if Plaintiff is found to have met her burden, the class should be limited to only those employees employed in the same position of Plaintiff.

### E.  Assuming *Arguendo* a Proposed Class is Approved, Plaintiff's Proposed Notice Requests and Means of Distribution are Improper and Should be Limited.

In this case, Plaintiff seeks an Order from this Court ordering Defendant to provide her legal counsel with the last known address of each potential class member and, additionally, the birth dates and partial social security number for any potential class member whose notice is returned after notice is attempted at their last known address. (Motion, Doc. 5 at p 8).   Further, Plaintiff requests that her legal counsel be permitted to send a second notice through "a follow-up postcard."  *Id*.   Lastly, Plaintiff requests that Defendant be forced to post a notice at all of Defendants' worksites in the same areas in which it is required to post FLSA notices."  (Motion, Doc. 5 at p. 9).

---

[2] Defendant recognizes that the Plaintiff has proposed the date of January 1, 2015.  The Defendant does not agree with that date and it asserts that the timeframe in this case is more limited in scope because of prior decisions recognizing that certain DOL regulations abolishing the exemption for home health workers were enjoined for a period of time, *see e.g. Lee v. Caregivers for Independence, LLC*, 2017 U.S.Dist. LEXIS 95322 (S.D. OH. 2017).  As discussed in *Lee*, the DOL issued a pronouncement that the regulations would not be enforced until November 12, 2015, so that is the date the Defendants assert is relevant in this case.  Moreover, Defendant asserts that the timeframe is limited in scope due to the statute of limitations. Defendant asserts that a two-year statute of limitations period is, at most, at issue in this case. *See* 29 U.S.C. § 255(a) and therefore the statute of limitations likewise would limit the period of time for the collective action.

Assuming *arguendo* a proposed collective action is approved and notice is necessary, the notice provided by Plaintiff's legal counsel should be limited.  Defendant does not dispute that Plaintiff will need the names of, and certain contact information for, the proposed limited class members as discussed in the prior section.  Defendant further concedes that it is the best source of such information and that it will abide by any Court order requiring Defendant to provide contact information to Plaintiff's legal counsel.  However, Defendant contends that Plaintiff's notice requests are overreaching and duplicative.

First, Plaintiff's request for birth dates and partial social security numbers for potential class members unable to be reached through notice at their last known address is an overreach and an invasion of privacy.  Plaintiff, to date, has not demonstrated a special need for the disclosure of this information. Until Plaintiff has made a showing of a special need for such personal information such as birth dates and partial social security numbers, such request should be denied. *Calderon v. GEICO Gen. Ins. Co.*, No. RWT 10cv1958, 2011 U.S. Dist. LEXIS 2815, at *25 (D. Md. Jan. 12, 2011) (finding that plaintiffs failed to show "any special need" for disclosure of employees' phone numbers, social security numbers or dates of birth); *see also Jackson v. Papa John's USA,* 2009 U.S. Dist. LEXIS 31887, 2009 WL 1011105 (N.D. Ohio 2009) (denying request for social security numbers);  *Alonso v Uncle Jack's Steakhouse,* 648 F. Supp. 2d 484 (S.D.N.Y. 2009) (same); *Arevalo v. D.J.'s Underground*, 2010 U.S. Dist. LEXIS 109193, 2010 WL 4026112, at *2 (D. Md. Oct. 13, 2010) (finding no special need to disclose phone numbers); *Regan v. City of Charleston*, No. 2:13-cv-3046-PMD, 2014 U.S. Dist. LEXIS 96317, at *24-25 (D.S.C. July 16, 2014) (denying plaintiff's request that the court order defendant to produce telephone numbers and email address of potential plaintiffs); *Ruiz v. Monterey of Lusby, Inc.*, Civil Action No. DKC 13-3792, 2014 U.S. Dist. LEXIS 61791, at *9

13

n.1 (D. Md. May 5, 2014) ("Defendants will not . . . be required to provide phone numbers for potential opt-in plaintiffs at this time because Plaintiffs have made no showing of any 'special need' for the disclosure of this information."); *Houston v. URS Corp.,* 591 F. Supp. 2d 827, 836 (E.D. Va. 2008) (denying request for phone numbers).

Rather than divulging such personal information such as potential class members' birth date and partial social security number at the onset of this case, should Plaintiff's legal counsel be unable to reach proposed class members at their last known address, then less invasive, alternative means of attempting contact should be attempted.   Plaintiff advises that the birth dates and partial social security numbers will "assist" in locating a proper, current address. (Motion, Doc. 5 at p. 8).  However, it is well known that there are alternative means to seeking one's current address. The disclosure of birth dates and partial social security numbers should be withheld in this case and the Court should only require the Defendant to provide this information as a "last resort."

Should contact at the last known address be unsuccessful, Defendant proposes that Plaintiff seek contact information through public resources, such as the local phone book, free, public, online resources (i.e. the word-wide-web) or the public, online search engine provided by LexisNexis Advance, to which many law firms retain access.   Alternatively, if necessary, Defendant agrees to review its records in an attempt to locate an alternative or additional mailing address for any proposed class member and provide such information to Plaintiff's legal counsel. Again, until Plaintiff is able to show a special need for birth dates and partial social security numbers, such request should be denied.

Second, Plaintiff's request that her legal counsel be permitted to send "a follow-up postcard to any [potential] class members who have not responded" to the initial notice is

unnecessary, duplicative and may be viewed as harassment.  Such task is redundant and need not be completed.  The initial notice should contain the necessary information to allow the potential class member to make an informed decision as to whether or not they desire to opt-in to the class.  Providing this information a second time is simply excessive and "overkill."  This is an unnecessary step in the notice process and is a clear attempt by Plaintiff to exasperate the notice process.

Plaintiff is correct that it is a goal of § 216(b) to avoid duplicative suits and to expedite disposition of the action (Motion, Doc. 5 at p. 8); however, a follow-up postcard does not necessarily achieve this goal.  Rather, by making this request, it appears that Plaintiff is simply attempting to unduly burden Defendant with a "frivolous fishing expedition" and is further attempting to "stir up" unnecessary litigation. *Montoya v. S.C.C.P. Painting Contractors, Inc.,* No. CCB-07-455, 2008 U.S. Dist. LEXIS 16354, at *12 (D. Md. Feb. 26, 2008) (finding the "court must take pains, . . . to avoid the 'stirring up' of litigation through unwarranted solicitation, and to recognize that an employer should not be unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense.") (internal citations omitted); *see also Calderon v. GEICO Gen. Ins. Co*., No. RWT 10cv1958, 2011 U.S. Dist. LEXIS 2815, at *23-24 (D. Md. Jan. 12, 2011) (holding that plaintiffs' counsel could not "send reminder notices to potential class members" through a finding that "[p]laintiffs' request to send reminder notices has the potential to unnecessarily stir up litigation[.]").  If potential class members desire to opt-in, then notice need only be provided once. Should potential class members choose not to respond to the initial notice, then they are fully within their rights.  A single notice is more than sufficient to provide notice to the potential opt-in plaintiffs. *Id.*  Accordingly, Plaintiff's request to send "a follow-up" postcard should be denied.

Third, Plaintiff's request to post notice in the common areas of Defendant's facilities should also be denied. Such posting will only create chaos and confusion. The purpose of providing notice is to identify and inform only those persons who may potentially choose to opt in as a class member. Notice should only be given to those employees who meet the definition of the purported class. By placing notice in a conspicuous place of Defendant's facilities for *all* employees to view will only cause confusion among Defendant's staff. The posting will also likely cause tension in the workplace. Such posting will also leave Defendant in a predicament as to whether or not it is in the proper position, as employer but also a named defendant in this case, to answer questions or provide general information regarding the lawsuit to all employees, even those who do not meet the qualifications as an opt-in plaintiff. Again, such posting will simply cause confusion and tension in the workplace environment. *See e.g. McCoy v. RP, Inc.*, No. 2:14-cv-3171-PMD, 2015 U.S. Dist. LEXIS 142521, at *25 (D.S.C. Oct. 19, 2015) (holding notice not permitted to be posted in any of the defendant's restaurant locations); *see also Wass v. NPC Int'l, Inc.*, No. 09-2254-JWL, 2011 U.S. Dist. LEXIS 32761, at *37 (D. Kan. Mar. 28, 2011) (finding that mailing provides sufficient notice and represents the most efficient means of providing notice and, therefore, refused to order defendant to post notice in the workplace); *Lewis v. ASAP Land Express, Inc.*, No. 07-2226-KHV, 2008 U.S. Dist. LEXIS 46362, at *2 n.1 (D. Kan. June 12, 2008) (finding that "[m]ailing the notice and consent form together constitutes the most efficient means of providing putative class members the material required to inform them of their rights and allow them to join the collective action if they so choose.")

Further, the current employees who would see the posted notice in the common areas are the exact same employees whose mailing address is the most likely to be up to date in Defendant's employee files and will already be provided notice to their last known address of

record.  As such, posting notice in the common areas is duplicative in nature and not necessary. *See McCoy, supra.* Given that individual, mailed notice to each putative class member's last known address will be made, there is simply no need for Defendant to be forced to post notice in the workplace. Accordingly, Plaintiff's request to post in the common areas of Defendant's facilities should be denied.

Moreover, Plaintiff, as part of the Motion, did not remit an example of the proposed notice to be mailed or posted.  As such, before any notice is sent or posted, Defendant requests that it be provided sufficient opportunity to review the proposed notice and that the parties be permitted to work together to develop a mutually agreeable notice form.

In facilitating notice, courts have "broad discretion regarding the details of the notice sent to potential opt-in plaintiffs" and, in this case, the Court should assert its discretion by facilitating Defendant the opportunity to review the notice and submit modifications to the same before it is sent to purported class members or is posted.  *McCoy v. RP, Inc.*, No. 2:14-cv-3171-PMD, 2015 U.S. Dist. LEXIS 142521, at *17 (D.S.C. Oct. 19, 2015) (internal citations omitted); *see also Hunter v. Sprint Corp.*, 346 F. Supp. 2d 113, 121 (D.D.C. 2004) (The court required the parties to confer and remit a proposed notice "on which they have agreed" to the court.).  The overarching policies of the FLSA require that the notice provided be accurate and timely. *McCoy*, 2015 U.S. Dist. LEXIS 142521, at *18 (internal citations omitted). The review and approval by Defendant of the proposed notice is necessary to assure that the potential class members can make an informed decision in this case. *Id.*  Defendant fears that if it does not participate in the drafting of the notice and/or receive a fair and adequate chance to review the notice, the notice will be presented in a one-sided fashion — which will potentially mislead the putative class members and may cause unnecessary litigation.  Requiring the parties to work

17

together to form a notice on which they collectively agree upon will eliminate any bias to either party.

WHEREFORE, Defendant Loved Ones In Home Care, LLC respectfully requests that Plaintiff's Motion be denied for the reasons stated herein.  In the alternative, Defendant Loved Ones In Home Care, LLC respectfully requests that Plaintiff's Motion be stayed or, alternatively, that the purported class be limited and defined as only those employees similarly situated to Plaintiff.  Further, assuming *arguendo* a proposed class is approved by this Court, Defendant Loved Ones In Home Care, LLC respectfully requests that the notice to be provided to potential opt-in plaintiffs be limited for the various reasons stated herein.

LOVED ONES IN HOME CARE, LLC
*By Counsel*

/s/Webster J. Arceneaux, III
Webster J. Arceneaux, III (WVSB No. 155)
Lori D. Counts-Smith (WVSB No. 11386)
LEWIS, GLASSER, CASEY & ROLLINS, PLLC
300 Summers Street, Suite 700
Post Office Box 1746
Charleston, West Virginia  25326
PHONE: (304) 345-2000
FAX:  (304) 343-7999
E-mail:  wjarceneaux@lgcr.com
           lcounts@lgcr.com

      *and*

/s/Andrew L. Ellis
Andrew L. Ellis (WVSB No. 10618)
WOOTON, DAVIS, HUSSELL & ELLIS, PLLC
P.O. Box 3971
Charleston, West Virginia  25339
PHONE: (304) 357-0709
FAX:  (304) 345-5607
E-mail:  drew.ellis@wvdhe.com

18

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

**PAMELA MAYHEW,**
**on behalf of herself and others**
**similarly situated,**

      **Plaintiffs,**

**v.**                                      **CIVIL ACTION NO. 2:17-cv-03844**

**LOVED ONES IN HOME HEALTH CARE, LLC,**
**and DONNA SKEEN,**

      **Defendants.**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 13th day of September, 2017, I electronically filed *Defendant Loved Ones In Home Care, LLC's Response in Opposition of Plaintiffs' Motion for Conditional Certification as a Collective Action Under the FLSA* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Mark A. Toor, Esq.
Attorney at Law
1210 Kanawha Blvd. E.
Charleston, WV 25301
***Counsel for Plaintiffs***

/s/Webster J. Arceneaux, III
Webster J. Arceneaux, III (WVSB No. 155)
Lori D. Counts-Smith (WVSB No. 11386)
Andrew L. Ellis (WVSB No. 10618)
*Counsel for Loved Ones In Home Care, LLC*

19