**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA AT CHARLESTON**

**PAMELA MAYHEW, BETSY FARNSWORTH**
**on behalf of themselves and others**
**similarly situated,**
**Plaintiffs,**

**Civil Action No. 2:17-cv-3844**

**v.**

**LOVED ONES IN HOME CARE, LLC**
**and**
**DONNA SKEEN**
**Defendants**

## SECOND AMENDED COMPLAINT

Plaintiffs, Pamela Mayhew and Betsy Farnsworth, ("Plaintiff") bring this action on their own behalf and on behalf of other individuals similarly situated to them, to recover unpaid overtime wages under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201, *et seq.*) (hereafter referred to as "the Act" or "FLSA").

### Jurisdiction

1. Subject matter jurisdiction over this action is conferred on this court by Section 16 of the Act (29 U.S.C. §216).

2. Plaintiff Mayhew is a resident of Kanawha County and an "Employee" of Defendants as that term is defined in the Act (29 U.S.C. §203(e)). Plaintiff Farnsworth is a resident of Jackson County, West Virginia, and an "Employee" of Defendants as that term is defined in the Act (29 U.S.C. §203(e)).

3. Defendant Loved Ones in Home Care, LLC, ("LOHC") is a West Virginia limited liability company, is engaged in business in Kanawha County, and is an "Employer" as that term is defined in the Act (29 U.S.C. §203(d)). Individual Defendant Donna Skeen is a member or the managing member of Defendant LOHC, controls the day-to-day

operations of LOHC and is an "Employer" as that term is defined in the Act (29 U.S.C. §203(d)).

4. Upon information and belief, LOHC is subject to "Enterprise Coverage" under the Act because it has annual sales of at least $500,000. 29 U.S.C. §203(s).

5. Upon information and belief, employees of Defendants other than Plaintiffs but holding the same job title, duties and/or characteristics of those held by Plaintiffs, have been compensated by Defendants in a manner similar or identical to the manner in which Plaintiffs contends they have been improperly compensated under the FLSA. For purposes of 29 U.S.C. §216(b), these other employees are "similarly situated" to Plaintiffs for purposes of this litigation.

**Background Facts (FLSA Individual Overtime Claim)**

6. Both Plaintiffs have worked for several years for LOHC as home health care providers.

7. At no time prior to January 1, 2015, did the work performed by Plaintiffs qualify either one for an exemption from the overtime requirements of the FLSA as a home health care worker.

8. At all times since January 1, 2015, Plaintiffs have been specifically subject to the FLSA's minimum wage and maximum hour provisions, particularly those requiring the payment of an enhanced overtime hourly rate for all hours over forty (40) worked in any one workweek.

9. Plaintiffs regularly and consistently throughout their tenure with Defendants have worked far in excess of forty (40) hours in each workweek.

10. At various times during Plaintiffs' employment and by various methods of subterfuge and deliberate misrepresentation, Defendants have repeatedly failed and refused to pay Plaintiffs an enhanced overtime hourly rate in accordance with the dictates of the FLSA for the position held by Plaintiffs.

11. Defendants' failure to pay an enhanced overtime rate to Plaintiffs represents a deliberate and knowing departure from the dictates of the FLSA as demonstrated by the elaborate measures Defendants have employed to avoid detection or challenge.

12. Most recently and from early 2016 through mid-2017, Defendants cut two distinct but sequentially-numbered payroll checks for each workweek worked by Plaintiffs.

13. As a rule, each such check would pay Plaintiffs at a straight-time hourly rate for all or nearly all of the hours recorded on that check, without regard to the total number of hours each Plaintiff had worked during the workweek.

14. At other times during Plaintiffs' employment by Defendants, Defendants simply failed to pay an enhanced overtime hourly rate for all hours Plaintiffs worked over forty (40) in any one workweek despite the inclusion of all such hours on a single paycheck.

15. Upon information and belief, Defendants have failed to pay an unknown number of other FLSA-non-exempt employees overtime wages as required by the FLSA, employing methods similar or identical to the methods used to deny Plaintiffs their overtime pay.

16. In early 2017, Plaintiff Mayhew sought the assistance of the United States Department of Labor ("DOL") to collect what she believed was overtime wages due her from Defendants but ultimately abandoned those efforts in favor of private counsel.

17. Upon information and belief, the DOL is in the process of attempting to calculate and to settle overtime claims on behalf of approximately two hundred thirty (230) similarly situated employees working out of Defendants' various locations.

**Background Facts (FLSA Collective Overtime Claims)**

18. In the course of her working duties over many years with Defendants, Plaintiff Mayhew has had occasion to discuss Defendants' pay practices and, in particular, their practices with respect to the payment of overtime, with other employees similarly situated to her with respect to job titles, job duties, FLSA classification and other factors.

19. Defendants' practices of paying employees at straight-time rates for hours over forty (40) worked in an individual workweek on a single paycheck and paying employees on two separate paychecks totaling more than forty (40) hours at straight-time rates in an individual workweek are practices that appear to be widespread throughout the company and have affected employees other than Plaintiff.

20. While communicating with the DOL about her own claims, Plaintiff Mayhew was informed of DOL's preliminary opinion that Defendants had engaged in FLSA-violative conduct similar to that undertaken against Plaintiff with respect to seventy (70) of Defendants' employees working positions similar to that of Plaintiff Mayhew.

21. Upon information and belief, all of the seventy (70) employees referenced by the DOL representative worked out of the same LOHC office as does Plaintiff Mayhew in South Charleston. Plaintiff Farnsworth, however, also subject to the same FLSA violative pay practices as Plaintiff Mayhew, works out of the Ripley location.

22. Upon information and belief, while the rates of pay and hours of overtime may vary among Defendants' FLSA non-exempt employees, the pay practices that Plaintiffs

contend offend the FLSA appear to be based on uniform policies and protocols employed by Defendants.

23. Specifically (and upon information and belief), at the same time Defendants began to issue two separate checks each pay period to Plaintiff Mayhew in March 2016 in a subterfuge to avoid paying overtime, Defendants also began to apply that same practice to Plaintiff Farnsworth and to other FLSA non-exempt employees to avoid paying overtime to those employees.

24. Also upon information and belief, Defendants changed their pay practices across-the-board in May 2017 and, at that time, began paying Plaintiffs and all other similarly situated FLSA non-exempt employees at overtime rates for hours over forty (40) worked in each workweek.

25. Similarly situated employees with overtime claims similar in nature to those of Plaintiffs but who resolve their claims through the DOL will be limited to collecting unpaid overtime from the date of the last violation (May 2017) and dating back only to November 12, 2015, due to a DOL policy.

26. The full extent of Defendants' statutory FLSA liability to its affected employees dates back at least to May 2015 if not to May 2014, and those employees who resolve their claims through the DOL will be foreclosed from any opportunity to pursue claims for these additional amounts.

**FLSA Claims**

27. Defendants failed and refused to pay Plaintiffs, and other FLSA non-exempt employees similarly situated to Plaintiffs, in accordance with the mandates of the FLSA with respect to overtime rates for all hours over forty (40) worked in any one workweek

and Plaintiffs and other employees have suffered damages by way of lost overtime wages as a result.

28. Defendants knowingly and deliberately failed and refused to pay Plaintiffs and other similarly situated employees in accordance with the mandates of the FLSA in order to save themselves the expense of paying an enhanced overtime hourly rate.

29. Defendants employed various methods of subterfuge and misdirection in their payroll practices in an effort to conceal their deliberate violations of the FLSA with respect to Plaintiffs and other similarly situated employees.

**WHEREFORE**, having stated their complaint against Defendants for various causes of action, Plaintiffs seeks relief and judgment from Defendants as follows:

a. An order entered pursuant to 29 U.S.C. §216(b) finding Defendants liable to Plaintiffs for all damages each has suffered by way of Defendants' failure to pay her for all hours over forty (40) in any one workweek at an enhanced overtime hourly rate; liquidated damages in an amount equal to her actual damages, and; attorney fees, costs and interest associated with the pursuit of this action. Plaintiffs seeks damages incurred over a period of three years predating the filing of this Complaint under 29 U.S.C. §255 for the willful violations of the Act;
b. A conditional certification or notice under the Act to all similarly situated potential plaintiffs of their right to participate in this action, and;
c. Such other relief as the court may deem proper.

Plaintiffs demands a jury trial.

PAMELA MAYHEW
By Counsel

___/s/ *Mark A. Toor*_____

Mark A. Toor (WVSB #5228)
1210 Kanawha Blvd., East
Charleston, WV 25301
304-380-2111
mark@marktoor.com

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA AT CHARLESTON**

**PAMELA MAYHEW, BETSY FARNSWORTH**
**on behalf of themselves and others**
**similarly situated,**
**Plaintiffs,**

**Civil Action No. 2:17-cv-3844**

**v.**

**LOVED ONES IN HOME CARE, LLC**
**and**
**DONNA SKEEN**
**Defendants**

**Certificate of Service**

I certify that on October 31, 2017, I served a true and accurate copy of the foregoing SECOND AMENDED COMPLAINT on Defendants' counsel by way of the electronic filing system with copies to:

Webster Arceneaux, Esq.
Lori Counts-Smith, Esq.
PO Box 1746
Charleston, WV 25326
lcounts@lgcr.com; wjarceneaux@lgcr.com.

_/s/ *Mark A. Toor* _____

Mark A. Toor (WVSB #5228)
10 Hale Street, 2nd Floor
Charleston, WV 25301
304-380-2111
mark@marktoor.com