IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF WEST VIRGINIA AT CHARLESTON

**PAMELA MAYHEW, BETSEY FARNSWORTH**
on behalf of themselves and others
similarly situated,

    Plaintiffs,

v.                                              CIVIL ACTION NO. 2:17-cv-03844

**LOVED ONES IN HOME HEALTH CARE, LLC,**
and **DONNA SKEEN,**

    Defendants.

### DEFENDANT LOVED ONES IN HOME CARE, LLC AND DONNA SKEEN'S
### RESPONSE TO PLAINTIFFS' MOTION TO ISSUE CLARIFYING NOTICE

The Plaintiff's motion to send out a "clarifying notice" asks the Court to participate in a vain waste time and postage because under 29 U.S.C. §§216 and 256, Civil Action 2:17-cv-3844 cited above is now a nullity. With regard to any actual "clarifying notice," undersigned counsel has little quarrel: As far as counsel is concerned, Plaintiffs may send out the *New York Phone Book* so long as it does not misstate the law.

But, as regards the waste of time, as per Defendants' motion to dismiss, Document 237, the statute of limitations under §256 is calculated based on the date the lead plaintiffs filed their consents to sue. Therefore, this case is over and awaits only this Honorable Court's order attesting to its demise.

Specifically, section 7 of the Portal-to-Portal Act of 1947, 29 U.S.C. § 256, provides the black letter law that:

> [A]n action commenced . . . under the [**FLSA**] . . . , shall be considered to be commenced on the date when the complaint is filed; except that in the case of a collective or class action instituted under the [FLSA] . . . , it shall be considered to be commenced in the case of any individual claimant--
>
> **(a)** on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint **and his written consent to become a party plaintiff is filed on such date** in the court in which the action is brought; or
>
> **(b) if such written consent was not so filed or if his name did not so appear--on the subsequent date on which such written consent is filed in the court in which the action was commenced.** [emphasis added.]

The above section demonstrates the clear intent of Congress that Case 2:17-cv-3844 became a justiciable case only on the day on which the lead plaintiffs filed their consents to sue. As a result of failing to file consents to sue in the time window allowed by the Court's scheduling order, namely between March, 2018 and 1 June 2018, the statute of limitations has now run on the claims adumbrated by the original complaint(s). Therefore, this case is no more! It requires only a final order from the Court dismissing the case from the docket of the court with prejudice.

The Fourth Circuit has held that relief from bright line requirements like statutes of limitation or filing deadlines is most extraordinary and that "any invocation of equity to relieve the strict

application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Chao v. Virginia Dept. of Transp.,* 291 F. 3rd 276, 283 (2002) quoting *Harris v. Hutchinson,* 209 F. 3d 325, 330 (4th Cir. 2000). Therefore, it is the Plaintiffs who must show "good cause," and not the lawyer, and Plaintiffs have offered no "good cause" excuse other than a mistake by their lawyer.

**Wherefore, Plaintiff prays that this Honorable Court dismiss this case from the docket of the Court with prejudice.**

    Respectfully submitted,
    Defendant, by counsel

/s/*Richard Neely*
Richard Neely (W. Va. State Bar # 2709)
Michael O. Callaghan
Charles W. Neely
**NEELY & CALLAGHAN**
159 Summers St.
Charleston, WV 25301-2134
304-343-6500
RNeely@NeelyCallaghan.com

### CERTIFICATE OF SERVICE

I, Richard Neely, do hereby certify that on the 16th day of December, 2018, I caused the foregoing Response to Plaintiffs' Motion to Issue a Clarifying Statement to be served upon the following counsel of record, namely:

Mark A. Toor, Esq.
10 Hale Street, Second Floor
Charleston, WV 25301

John Hussell
Andrew L. Ellis
WOORTON, DAVIS, HUSSEL & ELLIS
P.O. Box. 3791
Charleston, WV 25339
Drew.ellis@WVdhe.com

by filing said motion electronically with the Clerk of the U.S. District Court who will transmit the documents to counsel electronically using the CM/ECF filing system.

/s/*Richard Neely*