UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

PAMELA MAYHEW, BETSY FARNSWORTH,
on behalf of themselves and others
similarly situated,

      Plaintiffs,

v.                            Civil Action no. 2:17-cv-03844

LOVED ONES IN HOME CARE, LLC,
and DONNA SKEEN,

      Defendants.

## MEMORANDUM OPINION & ORDER

Pending is plaintiffs' motion for leave to file consents to sue outside of the opt-in period, filed October 12, 2018.

### I. Background

On July 28, 2017, plaintiff Pamela Mayhew initiated an individual action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., related to pay practices of defendant Loved Ones In Home Care, LLC ("Loved Ones") regarding their payment of overtime wages. ECF No. 1. On August 30, 2017, Ms. Mayhew filed her first amended complaint expanding her prior claims to include a collective action under the FLSA. ECF No.

6. Betsy Farnsworth joined this action as a named plaintiff in the second amended complaint, filed October 31, 2017.  ECF No. 17.

On December 1, 2017, the court conditionally certified the collective action in this case.  ECF No. 23.  Defendants subsequently moved to limit the conditional collective action certification on the grounds that it was too broad.  ECF No. 27.  After full briefing, the court ordered, on February 23, 2018, that the collective action be limited to employees who worked for defendants in home health aide in two or more programs during the course of the same pay period at any time between July 28, 2014, and May 31, 2017.  ECF No. 54, at 4.

A proposed notice of the collective action was filed by the plaintiffs on March 5, 2018 and was approved by the court on March 6, 2018.  ECF Nos. 66, 67.  Importantly, the Notice set a June 1, 2018 deadline for potential plaintiffs to mail consents to sue.  Id.

The plaintiffs seek the court's permission for Pamela Mayhew, Betsy Farnsworth, Brittany Carter, Rachel Coles, Laura Nelson and Melody Woods to file their consents to sue, as required under 29 U.S.C. § 216(b), after the June 1, 2018 opt-in deadline.  Attached to the plaintiffs' motion are the consents

to sue of the above-named individuals.  The defendants have filed a response in opposition to the plaintiffs' motion.

As an initial matter, Ms. Nelson, Ms. Woods and Ms. Carter have already opted into the collective action by filing timely consents, and the defendants acknowledge as much.[1]  Defs.' Resp. Pls.' Mot. ("Defs.' Resp."), ECF No. 235, at 3 (citing ECF Nos. 58, 59, 63).  Therefore, the court need only address the plaintiffs' motion insofar as it relates to Ms. Mayhew, Ms. Farnsworth and Ms. Coles.

## II.  Analysis

The FLSA provides: "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. 216(b).  The Court of Appeals for the Fourth Circuit has stated, in an unpublished opinion, that "[t]he filing of a collective action under 29 U.S.C. § 216(b) . . . renders consents necessary," even for named plaintiffs.  <u>In re Food Lion, Inc.</u>, 151 F.3d 1029, 1998 WL 322682, at *13 (4th Cir. June 4, 1998) (unpublished

---

[1] These plaintiffs filed their consents before the court approved the Notice to be sent to all potential class members on March 6, 2018.

3

table decision; see also Harkins v. Riverboat Servs., Inc., 385 F.3d 1099, 1101 (7th Cir. 2004) ("The statute is unambiguous: if you haven't given your written consent to join the suit, or if you have but it hasn't been filed with the court, you're not a party. It makes no difference that you are named in the complaint, for you might have been named without your consent.").

As another district court in this circuit has noted:

> "While it is clear that some document in addition to the complaint must be filed, it is not clear what form the written consent must take, especially when the alleged party plaintiff is a named plaintiff." D'Antuono v. C & G of Groton, Inc., No. 3:11cv33 (MRK), 2012 WL 1188197, at *2 (D. Conn. Apr. 9, 2012). Courts have generally shown "considerable flexibility" with respect to the form of consent, Manning v. Gold Belt Falcon, LLC, 817 F. Supp. 2d 451, 454 (D.N.J. 2011), requiring only that "the signed document verif[y] the complaint, indicate[] a desire to have legal action taken to protect the party's rights, or state[] a desire to become a party plaintiff." Perkins v. S. New England Tel. Co., No. 3:07-cv-967, 2009 WL 3754097, at *3 n. 2 (D. Conn. Nov. 4, 2009).

Butler v. DirectSAT USA, LLC, 55 F. Supp. 3d 793, 800 (D. Md. 2014) (quoting Faust v. Comcast Cable Commc'ns Mgmt., LLC, No. WMN-10-2336, 2013 WL 5587291, at *3 (D. Md. Oct. 9, 2013)). "The statute itself does not mandate any particular form, and in general, all that is required is a signed statement indicating the plaintiff's intent, and consent, to participate as a plaintiff in the collective action." Mendez v. The Radec Corp., 260 F.R.D. 38, 52 (W.D.N.Y. 2009).

In Mendez, the named plaintiff, Mr. Mendez, filed a signed affirmation with the court in support of the plaintiffs' motion for court approval for the case to proceed as a collective action. Id. In that affirmation, Mr. Mendez stated that he was the named plaintiff in the matter and that as the named plaintiff, he was bringing the case "on behalf of himself and all other employees similarly situated." Id. The court found that this affirmation "satisfied the written-consent requirement of § 216(b)." Id.; see also Gordon v. TBC Retail Grp., Inc., 2:14-cv-03365-DCN, 2016 WL 4247738, at *14 (D.S.C. Aug. 11, 2016) (finding that the declarations submitted by the named plaintiffs in support of the plaintiffs' motion for conditional class certification qualified as written consents under the FLSA, despite those same plaintiffs' failure to file consent forms).

Here, Ms. Mayhew submitted a signed affidavit attached to her motion for conditional certification of a collective action under the FLSA on August 30, 2017. ECF No. 5-1.[2] In the

---

[2] This motion for conditional class certification, and accompanying affidavit, were filed before the first amended complaint which noted that Ms. Mayhew was bringing a claim on behalf of herself and others similarly situated, ECF No. 6, but both were filed on August 30, 2017. Further, the caption of the affidavit names Ms. Mayhew as the plaintiff in this action who is suing "on behalf of herself and others similarly situated." ECF No. 5-1, at 1.

affidavit, Ms. Mayhew asserts that she is the plaintiff in the action, id. at 1, she identifies the compensation practices alleged in the complaint to be violative of the FLSA, id. at 1-4, and she notes that she believes "the same payroll practices that have negatively affected me and that provide the basis for my claims against Defendants for unpaid overtime are the very same payroll practices that appear to apply to all FLSA non-exempt employees working for Defendants in excess of forty hours per week," id. at 4. The court finds that this affidavit constitutes Ms. Mayhew's signed, written consent to join the collective action as required by the FLSA, despite her not having filed a formal consent to sue in accordance with the Notice approved on March 6, 2018.

Inasmuch as the court finds that Ms. Mayhew has already filed a consent to sue, it need not address whether leave should be granted to allow her to file a consent now.

Turning to Ms. Farnsworth, who was added as the other named plaintiff when the second amended complaint was filed October 31, 2017, plaintiffs' counsel advises that he only recently became aware that her consent was also required to be filed; hence, the four-month delay in the filing of the Farnsworth consent which is dated October 1, 2018. The defendants counter with an observation from Gordon which states

6

that potential opt-in plaintiffs who "failed to offer any explanation as to why" their consents were filed late, "have failed to demonstrate good cause." 2016 WL 4247738, at *16.

The FLSA does not provide a standard by which a court should consider whether a plaintiff may join a collective action by filing a consent after the expiration of the deadline provided by the court. See 29 U.S.C. §§ 216(b), 255, 256. In determining whether to permit the late filing of a consent to sue in FLSA cases, defendants suggest applying the five-factor test set forth in Ruggles v. Wellpoint, Inc., 687 F. Supp. 2d 30, 37 (N.D.N.Y. 2009), which other courts in this circuit have used, see, e.g., Lorenzo v. Prime Commc'ns, L.P., NO. 5:12-CV-69-H-KS, 2017 WL 9439107, at *8 (E.D.N.C. Feb. 14, 2017); Regan v. City of Charleston, S.C., No. 2:13-cv-3046-PMD, 2015 WL 1299967, at *2 (D.S.C. Mar. 23, 2015); Randolph v. PowerComm Constr., Inc., 309 F.R.D. 349, 361 (D. Md. 2015). Ruggles states:

> Although the caselaw on this issue is wide-ranging, courts have generally decided the question by balancing various combinations of the following factors: (1) whether "good cause" exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA.

687 F. Supp. 2d at 37.

While counsel's neglect does not alone constitute good cause, there is no undue prejudice suffered by defendants if Ms. Farnsworth is permitted to file a late consent. Ms. Farnsworth has been a named plaintiff in this action since October 31, 2017 and was served discovery requests by the defendants on August 10, 2018. ECF No. 120. The defendants have known about her position in this collective action for well over a year and sustain no surprise.

Next, judicial economy is best served by permitting Ms. Farnsworth to join this collective action, rather than be required to institute a separate individual action against these same defendants. Moreover, even if she were not permitted to join the collective action, it appears that Ms. Farnsworth could maintain an individual claim within this lawsuit. See Smith v. Cent. Security Bureau, Inc., 231 F. Supp. 2d 455, 460-61 (W.D. Va. 2002) (stating that the named plaintiff of an FLSA action who did not file a consent to join the collective action could remain in the suit in his individual capacity because the complaint stated that he instituted the action "individually and on behalf of [others]"). Here, the second amended complaint states in the caption that Ms. Farnsworth and Ms. Mayhew are bringing the suit "on behalf of themselves and others similarly situated." ECF No. 17, at 1.

Finally, in permitting Ms. Farnsworth to file her consent to sue, the court would be furthering the remedial purposes of the FLSA. <u>See</u> <u>Kelley v. Alamo</u>, 964 F.2d 747, 749-50 (8th Cir. 1992) ("The FLSA should be given a broad reading, in favor of coverage. It is a remedial statute that 'has been construed liberally to apply to the furthest reaches consistent with congressional direction.' A generous reading, in favor of those whom [C]ongress intended to benefit from the law, is also appropriate when considering issues of time limits and deadlines." (quoting <u>Mitchell v. Lublin, McGaughy & Assocs.</u>, 358 U.S. 207, 211 (1959))).

Regarding Ms. Coles, counsel provides no reason, other than the one given by him with respect to Ms. Farnsworth, for his failure to file her consent, which is dated March 22, 2018. ECF No. 234-5. Ms. Coles timely submitted consent to her attorney who neglected to file it. Inasmuch as Ms. Coles is the only claimant remaining in issue, it appears that the sensible solution, grounded in judicial economy, is to admit her as a claimant in this collective action rather than spawn a separate individual action on her part that would prove unduly costly to both her and the defendants.

For the foregoing reasons, the court finds that Ms. Farnsworth and Ms. Coles should be permitted to file consents to sue in this collective action.

III. Conclusion

Accordingly, it is ORDERED that the plaintiffs' motion for leave to file consents outside of the opt-in period be, and hereby is, granted to each Ms. Farnsworth and Ms. Coles. Inasmuch as Ms. Farnsworth's and Ms. Coles's consents were attached to plaintiffs' motion, they are deemed filed.

For the reasons set forth in this opinion and order, the consents of Ms. Mayhew, Ms. Nelson, Ms. Woods and Ms. Carter are deemed timely filed.

The Clerk is directed to forward copies of this order to all counsel of record.

ENTER: December 27, 2018

_____
John T. Copenhaver, Jr.
Senior United States District Judge