UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

PAMELA MAYHEW, BETSY FARNSWORTH,
on behalf of themselves and others
similarly situated,

        Plaintiffs,

v.                                        Civil Action no. 2:17-cv-03844

LOVED ONES IN HOME CARE, LLC,
and DONNA SKEEN,

        Defendants.

MEMORANDUM OPINION & ORDER

        Pending is the plaintiffs' motion for leave to file a

third amended complaint, filed December 14, 2018.

I.    Background

        On July 28, 2017, plaintiff Pamela Mayhew initiated an

individual action under the Fair Labor Standards Act ("FLSA"),

29 U.S.C. § 201 et seq., related to pay practices of defendant

Loved Ones In Home Care, LLC ("Loved Ones") regarding their

payment of overtime wages.  ECF No. 1.  On August 30, 2017, Ms.

Mayhew filed her first amended complaint expanding her prior

claims to include a collective action under the FLSA.  ECF No.

6.  Betsy Farnsworth joined this action as a named plaintiff in

the second amended complaint, filed October 31, 2017. ECF No. 17.

On December 1, 2017, the court conditionally certified the collective action in this case. ECF No. 23. Defendants subsequently moved to limit the conditional collective action certification on the grounds that it was too broad. ECF No. 27. After full briefing, the court ordered, on February 23, 2018, that the collective action be limited to employees who worked for defendants in home health aide in two or more programs during the course of the same pay period at any time between July 28, 2014, and May 31, 2017. ECF No. 54, at 4.

A proposed notice of the collective action was filed by the plaintiffs on March 5, 2018 and was approved by the court on March 6, 2018. ECF Nos. 66, 67. Importantly, the Notice set a June 1, 2018 deadline for potential plaintiffs to mail consents to sue. Id.

Named plaintiffs Pamela Mayhew and Betsy Farnsworth did not file consents to sue in accordance with the Notice approved by the court. The court, however, in its December 27, 2018 memorandum opinion and order on plaintiffs' motion to file consents to sue outside the opt-in period, found that Ms. Mayhew was deemed to have consented to joining the collective action on August 30, 2017. See ECF No. 256, at 4-6. Further, the court

permitted Ms. Farnsworth to file her consent to sue outside of the timeframe provided by the Notice. Id. at 10.

In December 2018, Loved Ones distributed to currently-employed collective class members and other employees two employment-related documents: an "Arbitration Agreement" and an "Addendum to Arbitration Agreement ('Addendum')." Proposed Compl., ECF No 242-1, at ¶ 27. Plaintiffs contend that defendants "contemporaneously" distributed these two documents to employees. Pls.' Mot. Issue Clarifying Notice, ECF No. 241, at 3-4.

These documents were the subject of plaintiffs' December 13, 2018 motion to issue a clarifying notice to plaintiffs in this action. Specifically, the "Arbitration Agreement" purports to cover "any claim, dispute or controversy between you and us, whether preexisting, present or future, that in any way arises from or relates to your employment . . . ." Arbitration Agreement, ECF No. 241-1, at 2. The "Addendum" conversely states that "[t]his Agreement does not apply to any civil lawsuit that was already filed . . . by the employee, or on their behalf, against employer (whether individually or as a member of the class)." Addendum, ECF No. 241-2, at ¶ 5.

On December 19, 2018, the court approved the Clarifying Notice that plaintiffs' counsel was to distribute to

collective action plaintiffs.  ECF No. 255.  This notice informed the plaintiffs that "YOU DO NOT HAVE TO AGREE TO PRIVATE ARBITRATION OF YOUR OVERTIME CLAIMS IN ORDER TO KEEP YOUR JOB."  Clarifying Notice, ECF No. 253.[1]

Plaintiffs seek to amend their complaint to include FLSA retaliation claims pursuant to 29 U.S.C. § 215(a)(3), which arise out of the distribution of the "Arbitration Agreement" and "Addendum."  Plaintiffs maintain that Loved Ones informed employees who are also members of the class that if an employee failed to sign both documents (the "Arbitration Agreement" and the "Addendum"), Loved Ones would "terminate her employment on December 21, 2018."  Proposed Compl., ECF No. 242-1, at ¶ 29. Plaintiffs also contend that Loved Ones, apart from the two documents noted above, "threatened conduct to terminate the employment of collective class Plaintiff[s] who refuse to agree to or to execute" the two above-described documents, which they believe "is retaliatory in nature based on Plaintiffs' status and participation in this litigation."  Id. at ¶ 37.  Further,

_____

[1] The proposed complaint states, in part, that defendants' failure to correct or reconcile the conflicting provisions of the "Arbitration Agreement" and the "Addendum" is retaliatory in nature "based on Plaintiffs' status and participation in this litigation."  Proposed Compl., ECF No. 242-1, at ¶ 36. However, since the filing of this motion, the court ordered that the Clarifying Notice be distributed to the collective action plaintiffs.

plaintiffs assert that distributing these documents "invades the exclusive province of the Court to control and to direct communications relative to the collective action with collective class Plaintiffs," and that this "invasion . . . is employment-related retaliation and discrimination against collective class Plaintiffs."  Id. at ¶ 35.

Defendants filed three separate responses to plaintiffs' motion, one on January 2, 2018 and two on January 10, 2018.  The January 2, 2018 response and the first January 10, 2018 response are identical and argue that inasmuch as no named plaintiff filed a consent to sue during the timeframe set in the Notice (March 6, 2018 through June 1, 2018), the statute of limitations in this matter has run and the entire case should be dismissed.  ECF No. 260, at 1-2; ECF No. 261, at 1-2. Defendants' second response of January 10, 2018 states that because the Clarifying Notice that was approved on December 19, 2018 resolved the conflict between the terms of the "Arbitration Agreement" and the "Addendum," the issues raised in the amended complaint are moot.  ECF No. 262, at 1-2.

II.  Standard of Review

Federal Rule of Civil Procedure 15(a)(2), invoked by plaintiff, provides that a party who can no longer amend a

pleading as of right can still amend by obtaining "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. In applying Rule 15(a), "[t]he law is well settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). A proposed amendment is futile "if . . . [it] fails to satisfy the requirements of the federal rules," such as Rule 12(b)(6). United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) (quoting United States ex rel. Fowler v. Caremark RX, LLC, 496 F.3d 730, 740 (7th Cir. 2007)).

Further, Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent."

## III. Discussion

The FLSA states that "it shall be unlawful for any person – to discharge or in any other manner discriminate against any employee because such employee has filed any

complaint or instituted or caused to be instituted any

proceeding under or related to this chapter . . . ." 29 U.S.C.

§ 215(a)(3). The Court of Appeals for the Fourth Circuit has

stated:

> A plaintiff asserting a prima facie claim of
> retaliation under the FLSA must show that (1) he
> engaged in an activity protected by the FLSA; (2) he
> suffered adverse action by the employer subsequent to
> or contemporaneous with such protected activity; and
> (3) a causal connection exists between the employee's
> activity and the employer's adverse action.

Darveau v. Detecon, Inc., 515 F.3d 334, 340 (4th Cir. 2008)

(citations omitted).

First, defendants' contention that plaintiffs should

not be permitted to file a third amended complaint because the

case should have already been dismissed in its entirety is not

persuasive. Defendants cite 29 U.S.C. § 256 which states that a

class action instituted under the FLSA commences on the date a

plaintiff files his written consent to become a party plaintiff.

Defendants argue that the statute demonstrates that a collective

action becomes justiciable "only on the day on which the lead

plaintiffs filed their consents to sue." ECF No. 261, at 2

(emphasis in original). Defendants further contend, without

support or justification, that Ms. Mayhew and Ms. Farnsworth's

failure to file their consents to sue between March 6, 2018 and

June 1, 2018, the time period allotted in the Notice for opt-in

plaintiffs to file written consents to join the collective action, means that the statute of limitations has now run on the claims brought in the original complaints.  Id.

As previously noted in the court's December 27, 2018 memorandum opinion and order on plaintiffs' motion to file consents outside of the opt-in period, Ms. Mayhew was deemed to have filed her written consent to join the collective action on August 30, 2017, the date she filed her signed affidavit attached to her motion for conditional collective action certification.  ECF No. 256, at 5-6.  Further, contrary to defendants' unsubstantiated assertions, there is no requirement that a consent be filed within the period set forth in a notice to potential opt-in plaintiffs for it to be valid.  See In re Food Lion, 151 F.3d 1029, 1998 WL 322682, at *13 (4th Cir. June 4, 1998) (unpublished table decision) ("Until a plaintiff, even a named plaintiff, has filed a written consent, []he has not joined in the class action, at least for statute of limitations purposes.") (citations omitted); see also Mendez v. The Radec Corp., 260 F.R.D. 38, 52 (W.D.N.Y. 2009) ("The statute [29 U.S.C. § 256] itself does not mandate any particular form, and in general, all that is required is a signed statement indicating the plaintiff's intent, and consent, to participate as a plaintiff in the collective action.").

Next, defendants, in their second January 10, 2018 response, request that the court deny the plaintiffs' motion because the Clarifying Notice distributed to the opt-in plaintiffs fully resolved all the contentions in the proposed complaint. ECF No. 262 at 1. Further, defendants argue that a cause of action for intentional retaliation "could not possibly survive summary judgment," because the "Addendum" stated that the "Arbitration Agreement" would not apply to the present action, and the Clarifying Notice said the same. Id. at 1-2.

Defendants misstate the standard, as a cause of action need only be able to survive a motion to dismiss, see Fed. R. Civ. P. 12(b)(6), in order to justify its inclusion in a complaint, see Kellogg Brown & Root, Inc., 525 F.3d at 376. Defendants wholly ignore the confusion naturally flowing, in the eyes of lay people, from the contradictory provisions set forth in the two documents and also fail to acknowledge plaintiffs' contention that Loved Ones independently threatened to fire collective action plaintiffs who did not sign the contradictory documents by December 21, 2018. See Proposed Compl., ECF No. 242-1, at ¶ 29.

Here, it cannot be said that plaintiffs' allegations of retaliation would be futile inasmuch as it appears that a prima facie showing of the required elements laid out in Darveau

are met.  Proposed Compl., ECF No. 242-1, at ¶ 37 ("Defendants'
threatened conduct to terminate the employment of collective
class Plaintiff[s] who refuse to agree to or to execute two
separate documents that include conflicting provisions about the
effect of those agreements on the pending litigation is
retaliatory in nature based on Plaintiffs' status and
participation in this litigation.").  Further, there is no
indication of bad faith on the part of the plaintiffs and
inasmuch as it is the defendants' alleged misconduct, which took
place in December 2018, that prompted the proposed amendment,
that amendment does not unduly prejudice the defendants.  The
plaintiffs' FLSA retaliation claims against the defendants are
appropriately included in the complaint.

        For the foregoing reasons, the court finds that good
cause exists to modify the court's scheduling order, entered
March 8, 2018.

## IV.  Conclusion

        Accordingly, it is ORDERED that plaintiffs' motion for
leave to file the third amended complaint be, and it hereby is,
granted.  The Clerk is directed to file as of this date the
complaint attached to the plaintiffs' motion as the third
amended complaint in this action.

Although the defendants include, in their second January 10, 2018 response, answers to the additional allegations raised in the proposed complaint, the court ORDERS defendants to file their answers to the third amended complaint within ten days of the entry of this order.

It is further ORDERED that the parties confer and submit to the court, on or before February 15, 2019, a document akin to a Rule 26(f) report that reflects the schedule the parties envision in light of the amendment.

Finally, it is ORDERED that the final settlement conference, scheduled for February 11, 2019, and the trial, scheduled for February 12, 2019, be continued until the further order of the court.

The Clerk is directed to forward copies of this order to all counsel of record.

ENTER: January 23, 2019

John T. Copenhaver, Jr.
Senior United States District Judge