```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

PAMELA MAYHEW, BETSY FARNSWORTH,
on behalf of themselves and others
similarly situated,

    Plaintiffs,

v.                              Civil Action No. 2:17-cv-03844

LOVED ONES IN HOME CARE, LLC,
and DONNA SKEEN,

    Defendants.


MEMORANDUM OPINON AND ORDER

Pending is the plaintiffs' motion for final collective action certification under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., filed December 12, 2018.

I. Relevant Background

On December 1, 2017, the court conditionally certified the collective action in this case. ECF No. 23. Defendants subsequently moved to limit the conditional collective action certification on the grounds that it was too broad. ECF No. 27. After full briefing, the court ordered, on February 23, 2018, that the collective action be limited to employees who worked for defendants in home health aide in two or more programs

during the course of the same pay period at any time between July 28, 2014, and May 31, 2017.  ECF No. 54, at 4.

In their motion for final collective action certification, the plaintiffs contend that inasmuch as the defendants were successful on their motion to limit the conditional collective action certification, they essentially conceded that the following definition of the class applies in this action: "only those individuals who serviced clients in both the private care program and also the Medicaid waiver program, i.e., employed as a 'hybrid' aide."  Pls.' Mot., ECF No. 240, at 4-5 (quoting ECF No. 27, at 4).

On December 4, 2018, the defendants filed a motion to dismiss the second amended complaint.  ECF No. 237.  Subsequent to that filing, the defendants responded to plaintiffs' motion for final collective action certification, arguing that the motion was premature inasmuch as defendants believed the case should be dismissed.  ECF No. 244.

After the court denied defendants' motion to dismiss, ECF No. 258, defendants filed, on December 28, 2018, another response to plaintiffs' motion for final collective action certification in which they stated: "Defendants do not oppose Final FLSA Class Certification to the extent that those persons

2

who have given consents to sue are actually within the defined class and entitled to relief." ECF No. 259, at 1.[1]

## II.  Analysis

Most courts have utilized a two-step process for certification of a collective action.  First, after making a threshold determination of whether the potential class is similarly situated, the court may conditionally certify a class. See Butler v. DirectSAT USA, LLC, 876 F. Supp. 2d 560, 566 (D. Md. 2012).  The next step follows the close of discovery and requires a more "stringent inquiry to determine whether the plaintiff class is [in fact] 'similarly situated,'" and typically begins when the defendant files a motion for decertification.  Syrja v. Westat, Inc., 756 F. Supp. 2d 682, 686 (D. Md. 2010) (quoting Rawls v. Augustine Home Health Care, Inc., 244 F.R.D. 298, 300 (D. Md. 2007)).

The Court of Appeals for the Second Circuit has noted: "At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go

---

[1] Defendants believe that many of the individuals who have given consents to sue either did not work during the applicable time period or worked but did not accrue overtime and are therefore not entitled to compensation and should be dismissed from the suit.  ECF No. 259, at 1-2.

forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010).  In addition, the "burden is on the named plaintiff to prove that the other employees are similarly situated."  McGlone v. Contract Callers, Inc., 49 F. Supp. 3d 364, 367 (S.D.N.Y. 2014) (quoting Zivali v. AT&T Mobility, LLC, 784 F. Supp. 2d 456, 460 (S.D.N.Y. 2011)).  "If the record shows all putative class members are 'similarly situated,' the 'conditional' aspect is removed, the collective action is finally certified, and the matter proceeds to trial."  Id. (quoting Morano v. Intercontinental Capital Grp., Inc., No. 10 CV 02192 KBF, 2012 WL 2952893, at *6 (S.D.N.Y. July 17, 2012)).

Here, it appears that the plaintiffs believe that the only pertinent part of the record regarding whether the class members are similarly situated to the named plaintiffs is the defendants' statement in a prior briefing which concedes that there is a similarly situated group of employees.  Pls.' Mot., ECF No. 240, at 3-5.  Noting the absence of a motion to decertify the class or any substantive opposition to the plaintiffs' motion by defendants, the court finds plaintiffs' position persuasive.

## III. Conclusion

For the reasons stated above, it is ORDERED that plaintiffs' motion for final FLSA certification be, and hereby is, granted. The class consists of current and former Loved Ones home health aides who worked in both the private care program and the Medicaid waiver program ("hybrid aides") during the same pay period at any time between July 28, 2014 and May 31, 2017.

The Clerk is directed to transmit copes of this order to all counsel of record.

ENTER: June 10, 2019

_____
John T. Copenhaver, Jr.
Senior United States District Judge