UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

PAMELA MAYHEW, BETSY FARNSWORTH,
on behalf of themselves and others
similarly situated,

        Plaintiffs,

v.                                    Civil Action no. 2:17-cv-03844

LOVED ONES IN HOME CARE, LLC,
and DONNA SKEEN,

        Defendants.

MEMORANDUM OPINION & ORDER

        Pending is plaintiffs' motion to toll the statute of

limitations in their action under the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201 et seq., filed June 28, 2019.


                        I.    Background


        On July 28, 2017, plaintiff Pamela Mayhew initiated an

individual FLSA action related to pay practices of defendant

Loved Ones In Home Care, LLC ("Loved Ones") regarding their

payment of overtime wages.  ECF No. 1.  On August 30, 2017, Ms.

Mayhew filed her first amended complaint expanding her prior

claims to include a collective action under the FLSA.  ECF No.

6.  Betsy Farnsworth joined this action as a named plaintiff in

the second amended complaint, filed October 31, 2017.  ECF No. 17.

While this matter was being litigated, Loved Ones entered into a settlement with the Department of Labor ("DOL") in which they provided certain employees DOL settlement offers.

On December 1, 2017, the court conditionally certified the collective action in this case pursuant to Ms. Mayhew's August 30, 2017 motion for conditional class certification.  ECF Nos. 5, 23.  Defendants, instead of issuing notice to the class, moved, on December 11, 2017, to limit the conditional collective action certification on the grounds that it was too broad.  ECF No. 27.  After full briefing, the court ordered, on February 23, 2018, that the collective action be limited to current and former Loved Ones home health aides who worked in both the private care program and the Medicaid waiver program ("hybrid aides") during the same pay period at any time between July 28, 2014 and May 31, 2017.  ECF No. 54, at 4.

A proposed notice of the collective action was filed by the plaintiffs on March 5, 2018 and was approved by the court on March 6, 2018.  ECF Nos. 66, 67.  The Notice set a June 1, 2018 deadline for potential plaintiffs to mail consents to sue. Id.  In total, 103 plaintiffs have opted into this action.

On August 30, 2018, plaintiffs moved to reissue the March 6, 2018 FLSA notice and reopen the opt-in period on the grounds that "Defendants were directly communicating materially false information to their employees about the lawsuit and those employees' rights . . . . [which] created significant confusion within the potential plaintiff population and . . . directly led to the failure of many potential plaintiffs to opt-in to the action." ECF No. 221, at 3. As a part of the relief sought in that motion, plaintiffs asked for a "tolling of the statute of limitations necessary to counter the effects of Defendants' improper communications with class members." Id. at 14. In a subsequent motion by plaintiffs for leave to file consents outside of the opt-in period, filed October 12, 2018, they essentially brief why the plaintiffs are entitled to a tolling of the statute of limitations, which relief was requested in plaintiffs' previous motion of August 30, 2018. ECF No. 234.[1]

---

[1] The court notes that with respect to those individuals who were the subject of plaintiffs' motion for leave to file late consents, plaintiffs acknowledge that "the relief requested in the Motion to Reissue the FLSA Notice will not necessarily inure to the benefit of the plaintiffs whose consents are not yet filed since Defendants' bad conduct did not affect that result." ECF No. 234, at 6. Plaintiffs also state in that same motion that "Counsel will make individual arguments to toll the statute of limitations for those plaintiffs," which counsel has not done until the subject motion of June 28, 2019. Id.

The court denied plaintiffs' motion to reissue notice and reopen the opt-in period in its December 27, 2018 memorandum opinion and order.  The court found that the "March 6, 2018 Notice . . . resolved any of the confusion caused by the misleading communications made by defendants in the DOL settlement."  ECF No. 257, at 10-11.  The court did not address the statute of limitations issue inasmuch as the court denied the plaintiffs' motion in which that relief was sought.

On January 23, 2019, the court permitted plaintiffs to file a third amended complaint to include allegations of wrongdoing stemming from certain arbitration agreements presented by the defendants to the plaintiffs.  ECF No. 263.  The third amended complaint was deemed filed that same day.  After the third amended complaint was filed, the court entered a new schedule by which this matter would proceed, setting the discovery deadline for April 26, 2019, the dispositive motions deadline for May 16, 2019, the pretrial conference for July 12, 2019, and trial for August 27, 2018.  ECF No. 277.

On June 10, 2019, the court granted plaintiffs' December 12, 2018 motion for final FLSA collective action certification.  ECF No. 293.  Therein, the court stated that the class consists of current and former Loved Ones home health aides who worked in both the private care program and the

Medicaid waiver program ("hybrid aides") during the same pay period at any time between July 28, 2014 and May 31, 2017. __Id.__ at 5.

Plaintiffs then filed the subject motion to toll the statute of limitations. In their memorandum in support of the motion, plaintiffs state that "the court should toll the statute of limitations on each individual claim[] to a date that does not unduly and artificially deprive Plaintiffs of wages they earned." ECF No. 298, at 15. Plaintiff does not specify for what period the statute of limitations should be tolled.

## II. Analysis

The Court of Appeals for the Fourth Circuit has held that equitable tolling of the statute of limitations in FLSA cases is available in two instances: when (1) "the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant," or (2) "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." __Cruz v. Maypa__, 773 F.3d 138, 146 (4th Cir. 2014) (quoting __Harris v. Hutchinson__, 209 F.3d 325, 330 (4th Cir. 2000)). "Equitable tolling is a rare remedy available only where the plaintiff has 'exercise[d] due diligence in preserving [her] legal rights.'" __Id.__ at 145

(quoting Chao v. Va. Dep't of Transp., 291 F.3d 276, 283) (4th Cir. 2002)).

Here, plaintiffs again complain of the DOL settlement meetings conducted by the defendants with collective action plaintiffs.  Plaintiffs also contend that, inasmuch as the statute of limitations continued to run while the court considered defendants' motion to alter the scope of the conditionally certified class, from December 11, 2017 until February 23, 2018, plaintiffs' potential recovery was diminished or eliminated entirely by the delay in issuing notice to the potential plaintiffs.  See Pl.'s Mot., ECF No. 298, at 12-13. Plaintiffs claim that this amounts to "extraordinary circumstances" under Cruz.

Plaintiffs note that the United States District Court for the District of Colorado tolled the statute of limitations in an FLSA action because the defendant "[was] in sole possession of the names and . . . addresses of all potential Opt-in Plaintiffs . . . . [and] allowing Opt-in Plaintiffs' claims to diminish or expire due to circumstances beyond their direct control would be particularly unjust." Stransky v. HealthONE of Denver, Inc., 868 F. Supp. 2d 1178, 1181-82 (D. Colo. 2012).  The court in Stransky also noted that defendant's

failure to claim that it would be prejudiced by such a tolling contributed to its decision.  **Id.** at 1182.

As an initial matter, the court observes that it has previously found that the Notice issued on March 6, 2018 cured any confusing or misleading communications made by defendants to potential opt-in plaintiffs at the DOL settlement meetings.  In light of that finding, plaintiffs' argument that "Defendant effectively precluded those plaintiffs from learning that they could participate in this action by filing a consent to opt-in" is not persuasive.

Next, the plaintiffs are concerned about the delay in the issuance of the notice of the FLSA action, but that delay occurred as a result of the unduly broad scope of the class presented by the plaintiffs and initially adopted by the court. The defendants justifiably moved, on December 11, 2017, to narrow the collective class, which motion was granted on February 23, 2018.

Courts in this circuit have denied equitable tolling when plaintiffs have "failed to exercise due diligence in preserving their legal rights . . . . [and] on the grounds that procedural delays were not extraordinary in nature."  **Harbourt v. PPE Casino Resorts Md., LLC**, No. CCB-16-339, 2017 WL 281992, at *3 (D. Md. Jan. 23, 2017) (internal quotations and citations

omitted); see, e.g., Chao, 291 F.3d at 283–84 (reversing lower court's granting of equitable tolling upon finding plaintiff sought to avoid "then-known potential consequences of her actions" in failing to exercise due diligence); MacGregor v. Farmers Ins. Exch., No. 2:10-CV-03088, 2011 WL 2731227, at *2 (D.S.C. July 13, 2011) (denying equitable tolling request because defendant's motion to dismiss was "not out of the ordinary," nor was the four-month time frame of the court's consideration).

The plaintiffs sought tolling prior to the court's order of December 27, 2018, the ruling in which made it unnecessary to address tolling. The court then fixed by order entered February 22, 2019, the remaining schedule of events as set forth on page 4. The plaintiffs waited until two weeks before the final pretrial conference on July 12, 2019 to again raise the tolling issue. Further, the plaintiffs knew of all the "extraordinary" circumstances complained of in their motion well before that juncture.

Additionally, unlike Stransky, a tolling of the statute of limitations would prejudice the defendants in this matter. Defendants state that they have worked together with plaintiffs to calculate potential damages for the opt-in plaintiffs. Defs.' Resp., ECF No. 299, at 2. Defendants

allegedly have borne the cost, exceeding $20,000, of developing those calculations, which were based on "a number of separate possible scenarios that this Court might chose [sic] to apply. However, one of the alternative scenarios was not a ruling tolling the statute of limitations." Id. (emphasis in original). It is unknown the extent to which tolling the statute of limitations here would unfairly prejudice the defendants; however, at the very least, some additional discovery would be required, which would necessitate postponing the August trial in a case that has been pending in this court since August 2017.

For these reasons, the court finds that extraordinary circumstances do not exist that would merit the tolling requested.

Plaintiffs also state that defendants have engaged in "wrongful conduct" which "misled the court into believing its FLSA problems ended in May 2017," and warrants the tolling of the statute of limitations. Pls.' Mot., ECF No. 298, at 14. Specifically, the plaintiffs contend that the defendants misled the court by stating in its response to Ms. Mayhew's August 30, 2017 motion for conditional certification that Loved Ones "amended its pay practices in May 2017" and that the "purported class should be limited in nature . . . for the period November

12, 2015 to May 1, 2017." __Id.__ at 13 (quoting ECF No. 8, at 8,

12). Plaintiffs now assert that "records produced by Defendant

itself show overtime violations continuing for several months .

. . . after Defendant told this court and the DOL it had corrected

its FLSA practices." __Id.__ Plaintiffs cite an attached exhibit

which they claim shows continuing FLSA violations with respect

to a single person, Ms. Linda Harris, who is also one of the 103

plaintiffs in this case. ECF No. 298-1. According to

plaintiffs, the exhibit is a "report prepared by Gray, Griffith

& Mays for the Roane County Magistrate Court Civil Action No.

19-M44C-0015, __Linda Harris v. Loved Ones in Home Care__, . . . .

[and was] prepared from data produced by Defendants for an opt-

in Plaintiff [Linda Harris] in this action who knew she had been

deprived of overtime wages [(amounting to approximately $300)]

__after__ May 31, 2017." Pls.' Mot., ECF No. 298, at 5 n.1

(emphasis in original). Plaintiffs claim that inasmuch as

discovery was not permitted regarding Loved Ones' payroll data

after May 31, 2017,[2] they will never know whether these FLSA

---

[2] The court entered, on March 8, 2018, a "Joint Order Setting
Terms and Conditions of Discovery and Extending the Discovery
Deadline" in which the parties agreed that defendants would
produce the payroll journals and timesheets for the period July
28, 2014 to May 31, 2017 for each employee who opted into this
collective action by filing a consent to sue. ECF No. 71.

violations that occurred beyond May 2017 extended to other plaintiffs.  Pls.' Mot., ECF No. 298 at 14.

While it is unclear when plaintiffs became aware of the exhibit that led to the allegation that Loved Ones continued to violate the overtime pay provisions of the FLSA after May 31, 2017, plaintiffs did not make such an allegation in this case until the subject motion of June 28, 2019.  In the third amended complaint, which was deemed filed on January 28, 2019, plaintiffs allege that Loved Ones changed their pay practices in May 2017 and that May 2017 was the date of the last FLSA violation.  Third Am. Compl., ECF No. 264, ¶¶ 24-25. Additionally, the court finally certified this collective action on June 10, 2019, pursuant to plaintiffs' December 12, 2018 motion, and stated that the last date of FLSA violations was May 31, 2017.  ECF No. 293, at 5.  Further, Ms. Mayhew states in her August 30, 2017 motion for conditional certification and apparently without any prompting by the defendants: "It is particularly significant to this motion that Defendants corrected their illegal pay practices in May 2017.  The FLSA statute of limitations is now running and for each day that passes until they sign onto a collection action, unpaid workers are losing an additional day of overtime wages."  ECF No. 5, at 9.  The court's orders of February 23, 2018 and June 10, 2019,

in which it conditionally and finally certified the class, comported with the plaintiffs' allegation that Loved Ones' last FLSA violation was in May 2017.

The wrongful conduct alleged at this stage of the case affects but one known person, Ms. Harris, who is the plaintiff in the state court action. While the facts and causes of action in the state magistrate court action between Ms. Harris and Loved Ones are not set forth by the parties, the potential for some recovery by her in that proceeding lessens the harm of declining to toll the statute of limitations here. In view of the limited known impact of the alleged wrongful conduct, as well as the late stage of this litigation, the court declines to toll the statute of limitations.

## III. Conclusion

In light of the foregoing, it is ORDERED that plaintiffs' motion to toll the statute of limitations be, and hereby is, denied.

The Clerk is directed to forward copies of this order to all counsel of record.

ENTER: July 18, 2019

John T. Copenhaver, Jr.
Senior United States District Judge