IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PAMELA MAYHEW, et al.,
*on behalf of themselves and others similarly situated*,

                        Plaintiffs,

v.                                                  CIVIL ACTION NO. 2:17-cv-03844

LOVED ONES IN HOME HEALTH
CARE, LLC, et al.,

                        Defendants.

**ORDER**

Before this Court is the motion to quash subpoenas filed by Defendants Loved Ones In Home Care, LLC ("Loved Ones"), and Donna Skeen ("Skeen") (collectively, "Defendants"). (ECF No. 307.) On or about August 7, 2019, Plaintiffs Pamela Mayhew and Betsy Farnsworth (collectively, "Plaintiffs") served upon Skeen and two other individuals whom Defendants represent are agents of Loved Ones subpoenas to testify at trial in this action, which was initially set to begin on August 27, 2019, at 9:30 a.m. (ECF No. 307-1; *see* ECF No. 277; *see also* ECF No. 307 at 2.) The subpoenas also requested that the witnesses bring "Video records of all 2017-2018 meetings with any plaintiffs conducted for the purpose of resolving overtime claims" and "Audio records of all telephone calls placed to any plaintiff by any agent of Defendant at any time after the early December 2018 dissemination of a proposed arbitration agreement and addendum and the substance of which relates in any way to those documents." (ECF No. 307-1 at 2, 5, 8.)

Defendants filed their motion to quash the subpoenas on August 21, 2019, arguing that the subpoenas were untimely because they requested discovery after the close of the discovery period set out in the scheduling order and that compliance with the subpoenas would impose an undue burden on Defendants because the video and audio recordings sought are catalogued only by date and time and because each call would have to be screened in order to ensure compliance with federal health care privacy laws. (ECF No. 307.) To date, Plaintiffs have not filed a response to the motion.

"Trial subpoenas are typically used to ensure the availability at trial of original documents previously disclosed by discovery." *Dent v. Siegelbaum*, No. DKC 08-cv-0886, 2012 WL 718835, at *11 (D. Md. Mar. 5, 2012) (citing *Rice v. United States*, 164 F.R.D. 556 (N.D. Okla. 1995); *Mortg. Info. Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 567 (W.D.N.C. 2002)). For that reason, they "may not constitute discovery, and therefore may properly be filed and served following the close of the discovery period." *Kitchens*, 210 F.R.D. at 567 (citing *Rice*, 164 F.R.D. at 558 n.1; *Puritan Inv. Corp. v. ASLL Corp.*, No. 97-cv-1580, 1997 WL 793569, at *1 (E.D. Pa. Dec. 9, 1997)).

However, Defendants' motion to quash makes clear that the requests in the subpoenas in this case were not issued for the purpose of securing the availability of trial evidence but rather for the purpose of conducting additional discovery after the discovery deadline. Of note, the undersigned held a hearing on May 22, 2019, at which the parties discussed at least some of the recordings requested in the trial subpoenas, and Defendants were ordered to "allow Plaintiffs' counsel to listen to the recorded phone calls made between the time the arbitration agreement and the addendum were distributed and the deadline to sign the agreements." (ECF No. 290 at 4.) Despite this express permission to obtain the requested discovery, Defendants represent in their motion to quash that

2

Plaintiffs' counsel never "specifically identified" the recordings he sought or came to inspect them. (ECF No. 307 at 3.) Plaintiffs have not filed a response to challenge this representation, so the undersigned can only assume that it is true and that Plaintiffs did not pursue the discovery despite the undersigned's permission to do so.

"Trial subpoenas are not substitutes for discovery." *Dent*, 2012 WL 718835, at *11. That is, "[a] trial subpoena is not an appropriate means of ascertaining facts or uncovering evidence." *Id.* (quoting *Puritan Inv. Corp.*, 1997 WL 793569, at *2). Plaintiffs essentially seek to do that here: they have not viewed or listened to the recordings, so they cannot possibly know the recordings' content or how the recordings would support their case at trial. Plaintiffs "could and should have . . . pursued [the recordings] during the authorized discovery period." *Id.* "[A] party cannot use a trial subpoena to obtain documents that were requested—but not produced—during the course of discovery . . . ." *Id.* Accordingly, Defendants' motion to quash (ECF No. 307) is **GRANTED**.

**IT IS SO ORDERED**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: January 10, 2020

Dwane L. Tinsley
United States Magistrate Judge