UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

PAMELA MAYHEW, BETSY FARNSWORTH,
on behalf of themselves and others
similarly situated,

        Plaintiffs,

v.                              Civil Action No. 2:17-cv-03844

LOVED ONES IN HOME CARE, LLC,
and DONNA SKEEN,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are (1) plaintiff's motion in limine, filed August 14, 2019, and (2) the parties' joint motion to approve settlement, filed March 9, 2020.

### I. Background

On July 28, 2017, plaintiff Pamela Mayhew initiated an individual action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 <u>et seq.</u>, related to pay practices of defendant Loved Ones In Home Care, LLC ("Loved Ones") regarding their payment of overtime wages. ECF No. 1. On August 30, 2017, Ms. Mayhew filed her first amended complaint expanding her prior claims to include a collective action under the FLSA. ECF No. 6. Betsy Farnsworth joined this action as a named plaintiff in

the second amended complaint, filed October 31, 2017.  ECF No. 17.  On January 23, 2019, the court permitted plaintiffs to file a third amended complaint to include allegations of wrongdoing stemming from certain arbitration agreements presented by the defendants to the plaintiffs.  ECF No. 263.

The court conditionally certified the collective action in this case on December 1, 2017 and granted final FLSA collective action certification on June 10, 2019.  ECF Nos. 23 and 293.  The court's June 10, 2019 order stated that the class consists of current and former Loved Ones home health aides who worked in both the private care program and the Medicaid waiver program ("hybrid aides") during the same pay period at any time between July 28, 2014 and May 31, 2017.  ECF No. 293 at 5.

The parties have agreed to settle for the total nominal sum of $100,000.00, of which $40,000.00 is to be paid in fees and costs to plaintiffs' counsel.  The balance of $60,000.00 is in fact $52,292.32, from which there will necessarily be deducted the customary employee's share of social security and Medicare taxes to be remitted to the government along with any income tax withholding.[1]  The Exhibit attached to

---

[1] The court is informed by plaintiffs' counsel that the employer's share of social security and Medicare taxes and the employer's obligation to pay federal and state unemployment taxes on the $52,292.32 aggregate $6,536.58.

the pending joint motion provides the agreed expert's calculation of the gross amounts to be paid to each plaintiff as payroll checks, totaling $52,292.32. ECF No. 312-1. The parties agreed to this sum based on a compromise of one of several time period calculations provided by the agreed expert. The agreed time period reflects a calculation of unpaid wages for the period beginning from the uncontested application date of the revised regulations issued by the United States Department of Labor ("DOL") (November 15, 2015) up until defendants contend that they corrected the offending payroll practice (May 7, 2017).

## II.  Legal Standard

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 69 (2013). Doing so would thwart the purpose of the Act, which is "to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 739 (1981) (alteration in original) (quoting 42 U.S.C. § 202(a)). Consequently, FLSA claims for back wages can be

settled in only two ways, only one of which is relevant here: "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."  Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (citing D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 113 n.8 (1946), and Jarrard v. Se. Shipbuilding Corp., 163 F.2d 960, 961 (5th Cir. 1947)).

Because the Court of Appeals for the Fourth Circuit has not yet had occasion to endorse a standard for approving FLSA settlements, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in Lynn's Food Stores."  Duprey v. Scotts Co. LLC, 30 F. Supp. 3d 404, 407–08 (D. Md. 2014) (quoting Saman v. LBDP, Inc., No. CIV.A. DKC 12-1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013)).  Thus, courts have stated that:

> [t]he settlement must "reflect[] a fair and reasonable resolution of a bona fide dispute over FLSA provisions," which includes a finding with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement.

Id. (second alteration in original) (quoting Saman, 2013 WL 2949047, at *3); Lynn's Food Stores, 679 F.2d at 1355.

4

## III. Discussion

**A.  <u>Bona Fide Dispute</u>**

"In deciding whether a <u>bona fide</u> dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." <u>Duprey</u>, 30 F. Supp. 3d at 408 (citing <u>Lomascolo v. Parsons Brinckerhoff, Inc.</u>, No. 1:08CV1310(AJT/JFA), 2009 WL 3094955, at *16–17 (E.D. Va. Sept. 28, 2009)).

Throughout this litigation, the parties have disputed the time period for which plaintiff should receive unpaid overtime wages together with the proper calculation of the amount of wages owed.  Defendants argue that plaintiffs cannot recover before the effective date of the new administrative rule issued by the DOL in 2015.  Plaintiffs maintain that they were covered by the FLSA's protections at all relevant times and that defendants cannot satisfy the conditions necessary to claim the pre-2015 exemptions for in-home care providers.  The parties also dispute the applicable statute of limitations date, with plaintiffs arguing that a three-year statute of limitations applies while defendants counter that the statute of limitations does not exceed two years.  ECF No. 312 at 4–5.  Accordingly,

the FLSA issue here reflects a bona fide dispute between the parties.

B.    <u>Fairness and Reasonableness</u>

Next, the court turns to the relevant factors from Rule 23's assessment for fairness and reasonableness. Those factors are as follows:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits and (6) the amount of the settlement in relation to the potential recovery.

<u>Kirkpatrick v. Cardinal Innovations Healthcare Sols.</u>, 352 F. Supp. 3d 499, 502–03 (M.D.N.C. 2018) (quoting <u>Hargrove v. Ryla Teleservices, Inc.</u>, No. 2:11cv344, 2013 WL 1897027, at *2 (E.D. Va. 2013)); <u>Patel v. Barot</u>, 15 F. Supp. 3d 648, 656 (E.D. Va. 2014); <u>see</u> <u>also</u> <u>Flinn v. FMC Corp.</u>, 528 F.2d 1169, 1173 (4th Cir. 1975).

The parties have had the opportunity to conduct and complete discovery in this matter, which was particularly extensive insofar as defendants shared raw source payroll data with the joint expert to permit accurate calculations of overtime hours. The parties litigated this matter extensively,

filing over 25 motions since the lawsuit was originally filed more than two and half years ago.  A trial was scheduled for August 2019, before which the court held pretrial conferences in July and August 2019 to facilitate a potential resolution.

There is no evidence or suggestion that fraud or collusion impacted the settlement.  Litigation was "hotly contested" and the parties negotiated the settlement at arms-length, only reaching an agreement after previous discussions broke down in Fall 2019.  <u>See</u> ECF No. 312 at 7, 14.  Plaintiffs' counsel has extensive experience in wage and hour litigation.  Plaintiffs' counsel and defendants' counsel also state that they believe that the settlement is fair and reasonable.

The individual settlement amounts allocated to each plaintiff derive from the actual lost wages calculated by the agreed expert.  Plaintiffs express confidence that they would have prevailed at trial but preferred a settlement considering the questions over what level of damages would have been appropriate.  The parties reached the agreed settlement amount based on one of the date-range scenarios included in the agreed expert's report.  Although the agreed expert estimated a maximum recovery of $118,154.63, the agreed settlement exceeds plaintiffs' estimated recovery based on a strict application of the two-year statute of limitations, which would have been

limited to $38,522.03. ECF No. 312-1 at 5. Therefore, the court finds the proposed settlement to be fair and reasonable.

C. <u>Attorney Fees</u>

Under the FLSA, a prevailing plaintiff is entitled to "a reasonable attorney's fee to be paid by the defendant, and costs of the action and costs." 29 U.S.C. § 216(b). In evaluating attorney fees, the court first must calculate the "lodestar" figure by multiplying the number of hours reasonably expended by a reasonable rate. <u>See</u> <u>Robinson v. Equifax Info. Servs., LLC</u>, 560 F.3d 235, 243 (4th Cir. 2009) (citing <u>Grissom v. The Mills Corp.</u>, 549 F.3d 313, 320 (4th Cir.2008)); <u>Randolph v. Powercomm Constr., Inc.</u>, 715 F. App'x 227, 230 (4th Cir. 2017) (applying lodestar method to attorney fees request under FLSA). "To ascertain what is reasonable in terms of hours expended and the rate charged," the Fourth Circuit has applied the following factors:

> (1) The time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between

>     attorney and client; and (12) attorneys' fees awards
>     in similar cases.

McAfee v. Boczar, 738 F.3d 81, 88 n.5 (4th Cir. 2013) (quoting Johnson v. Georgia Highway Express Inc., 488 F.2d 714, 717–19 (5th Cir. 1974)).  In addition, "the court must 'subtract fees for hours spent on unsuccessful claims unrelated to successful ones'" and "should award 'some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.'"  Id. (quoting Johnson, 488 F.2d at 244); Randolph, 715 F. App'x at 230.

Plaintiffs' counsel, Mark Toor, requests $40,000.00 in attorney fees and costs of litigation, a modest request for his having worked more than an estimated 470 hours in this case.  Plaintiffs benefited from Mr. Toor's more than 30 years of experience representing employment related matters, particularly as the parties' confronted the relatively novel complexities regarding the effective date of the DOL revisions to the in-home care exemption.  The requested fee is well below Mr. Toor's normal hourly rate and the comparable awards Mr. Toor received in other recent FLSA settlements brought before this court.  See Charles et al. v. State of West Virginia, Offices of the Insurance Commissioner, No. 2:16-cv-10334 (S.D.W. Va. Dec. 4, 2018) (approving effective fee of $32,942.64 representing $180.60 per hour); Lowers v. Valley Diagnostic Laboratories,

Inc., et al., No. 2:16-cv-02785 (S.D.W. Va. Oct. 20, 2016) (approving $22,000 fee award that equated to hourly rate of nearly $260). Therefore, the court finds that the requested fees and costs are reasonable.

## IV. Conclusion

Based on the foregoing analysis, the court ORDERS that the parties' joint motion to approve the settlement be, and it hereby is, granted. The court further ORDERS that plaintiffs' motion in limine be, and it hereby is, denied as moot.

The parties are directed to disburse the settlement sum by payment to those entitled thereto on or before April 24, 2020, and file a final report that all sums have been so paid and the checks issued therefor have been cashed, which final report shall be filed on or before May 26, 2020.

The Clerk is directed to forward copies of this memorandum opinion and order to all counsel of record and any unrepresented parties.

ENTER: March 26, 2020

John T. Copenhaver, Jr.
Senior United States District Judge